[No. 14536.   In Bank. — March 31, 1892.]

·SOUTHERN CALIFORNIA LUMBER COMPANY, APPELLANT, *v.* OCEAN BEACH HOTEL COMPANY, RESPONDENT.

FORECLOSURE OF LIEN — ORDER OF SALE — "WRIT" — "EXECUTION" — SALE AFTER RETURN DAY — CONSTRUCTION OF CODE. — The only process provided for the enforcement of a judgment foreclosing a lien upon specific property is that prescribed by section 684 of the Code of Civil Procedure, requiring a judgment for the sale of property to be enforced by a "writ" reciting the judgment and directing the sale. Such "writ" is not an "execution" within the meaning of section 683, and a sale of the property by the sheriff is not invalidated because made after the return day of the writ.

ID. — EXECUTION — SALE UNDER LEVY AFTER RETURN DAY. — A sale by a sheriff under an execution after the return day of the execution is valid if he has made a levy during the lifetime of the writ; and a sale may likewise be made after the return day of a writ issued under an order of sale, where no levy is required.

Id. — Directory Provision as to Time — Control of Court — Setting Aside Sale. — The time within which a sale is directed to be made to satisfy a judgment ordering a sale upon foreclosure of a lien is but directory, and under the control of the court; and the sale should not be set aside merely because it was not made before the return day of the writ.

Appeal from an order of the Superior Court of San Diego County refusing to set aside a sale of real property.

The facts are stated in the opinion of the court.

*Wellborn, Stevens & Wellborn,* and *F. W. Ewing,* for Appellant.

The sale was not void, and could be set aside, if at all, only upon seasonable application; and seasonable application is held to be within at least the period of redemption. (Freeman on Executions, sec. 296; *Vigoureux* v. *Murphy,* 54 Cal. 346; *Raymond* v. *Holburn,* 23 Wis. 57; 99 Am. Dec. 105; *Love* v. *Cheny,* 24 Iowa, 210; *Riddell* v. *Harrell,* 71 Cal. 254.) Where a judgment is made a lien upon property, or in case of a foreclosure decree, the law does not require, nor is there any necessity for, the levying of an execution or foreclosure writ. (Freeman on Executions, sec. 280; *Bagley* v. *Ward,* 37 Cal. 122; 99 Am. Dec. 256; *Blood* v. *Light,* 38 Cal. 649; 99 Am. Dec. 441; *Wood* v. *Colvin,* 5 Hill, 228.) In case the judgment is not a lien, a levy is necessary, but for the sole purpose of investing the officer with a power to sell. (Freeman on Executions, sec. 106.) Where the levy of an execution is necessary, and the same is made by the officer prior to the return day, a sale of the property levied upon may lawfully be made after the return day of the writ. (Freeman on Executions, sec. 106; *Moomey* v. *Maas,* 22 Iowa, 380; *Wood* v. *Colvin,* 5 Hill, 228; *Wright* v. *Howell,* 35 Iowa, 288; *Pettingill* v. *Moss,* 3 Minn. 222; 74 Am. Dec. 747; *Remington* v. *Linthicum,* 14 Pet. 84; *Wheaton* v. *Sexton,* 4 Wheat. 503.) When the execution of a writ has been commenced before the return day has passed, it may be completed by a sale

of the property afterward. (*Moomey* v. *Maas*, 22 Iowa, 380.)

*Works, Gibson & Titus*, for Respondent.

Conceding that no actual levy was necessary, because the judgment was a lien upon the specific property, still the sale was void, because the notice pursuant to which the sale was made, which might, as between the parties, amount to a levy, was not given until sixty-nine days after the return day of the execution. (Rorer on Judicial Sales, sec. 1269; Freeman on Void Judicial Sales, sec. 30; Freeman on Executions, sec. 106; *Young* v. *Smith*, 23 Tex. 598; 76 Am. Dec. 81, and note; *Barden* v. *McKinnie*, 4 Hawks, 279; 15 Am. Dec. 519.)

Harrison, J. — On December 1, 1888, the plaintiff obtained a judgment against the defendant, foreclosing a material-man's lien upon a block of land in the city of San Diego, and directing a sale of the property, and the application of the proceeds to the payment of the amounts adjudged to be due.

On October 8, 1889, a writ for the enforcement of this judgment was issued and placed in the hands of the sheriff of the county. By the writ the sheriff was commanded to proceed to advertise for sale and sell the property, and to make and file his report of the sale with the clerk of the court within sixty days after his receipt thereof. In obedience to this command, the sheriff published and posted notice that he would sell the property on a day named, and within the time limited for the return of the writ, but no sale was ever made pursuant to that notice, "action thereon having been indefinitely postponed pursuant to an agreement by the parties plaintiff and defendant that there should be no sale prior to February 24, 1890." The sheriff retained the writ, and subsequently again published and posted notice that he would sell the property thereunder on February 24, 1890; and on that day he sold the whole block to the plaintiff for the sum of $451.40.

The block sold consisted of fifty-four lots, as shown by an official plat on file in the office of the county recorder, and at the time of the sale was of the value of five thousand dollars.

On February 21, 1891, the defendant moved the court to vacate and set aside the sale made by the sheriff as aforesaid, upon two grounds: 1. Because the property consisted of fifty-four lots, and was sold as a whole; 2. Because the property was advertised for sale and sold after the return day of the writ.

The court overruled the motion on the first ground, and sustained it on the second ground, and thereupon made and entered its order vacating the sale. From this order the plaintiff appeals.

The Code of Civil Procedure, in the chapter headed " The Execution," provides: —

" Sec. 681.   The party in whose favor judgment is given may, at any time within five years after the entry thereof, have a writ of execution issued for its enforcement.

" Sec. 682.   The writ of execution must be issued in the name of the people," etc.

"Sec. 683.   The execution may be made returnable at any time not less than ten nor more than sixty days after its receipt by the sheriff," etc.

" Sec. 684. . . . . When the judgment requires the sale of property, the same may be enforced by a writ reciting such judgment, or the material parts thereof, and directing the proper officer to execute the judgment, by making the sale and applying the proceeds in conformity therewith."

The only process provided in this state for the enforcement of a judgment foreclosing a lien upon specific property is that prescribed by the section of the code last quoted.   The writ here in question was issued in the name of the people, and pursuant to the provisions of that section.   It is, however, claimed by appellant that a " writ " so issued is not an " execution," within the meaning of section 683, and hence that there

is no limitation of time within which it must be made returnable.

A writ of execution is defined to be "process authorizing the seizure and appropriation of the property of a defendant for the satisfaction of the judgment against him." (Anderson's Law Dict.) When issued upon a judgment running generally against the property of the defendant, it is an authority to the sheriff to seize of the property of the defendant a sufficient amount to satisfy the judgment. As the judgment itself does not specify the property which is to be taken, none of the property of the defendant is affected thereby, or charged with the lien of the judgment, until it is taken by the sheriff under the writ. "Until a levy, property is not affected by the execution." (Code Civ. Proc., sec. 688.) As the sheriff can justify an interference with the possession by the defendant of any of his property, only upon the production of a writ therefor, it is incumbent upon him to show that a seizure of the particular property is within the scope of his writ; and if, by the terms of the writ, such seizure is authorized only within a limited period of time, a seizure after that time has expired is unauthorized, and the sheriff is liable for a trespass. If, however, the sheriff has taken the property within the lifetime of the writ, it has then become lawfully subject to be applied in satisfaction of the judgment, and a sale thereof may be made at any time thereafter. (Rorer on Judicial Sales, sec. 872.)

"Wherever some statute does not provide otherwise, an officer who has entered upon the execution of the writ before the return day thereof by a seizure of or levy upon property, may, after the return day, and after the actual return, continue to hold the property, and may prosecute such further proceedings as may be necessary to convert such property, whether it be real or personal, into money for the purpose of satisfying the judgment." (Freeman on Executions, sec. 106.) The levy may be made at any time during the last day of the writ, and the property will be thereafter legally held by the sheriff

against any claim or complaint of the judgment debtor. A writ of *venditioni exponas* is sometimes issued, but its issuance is not necessary to justify a sale, as the writ itself is only a direction to perform a duty which already exists, and the sheriff acquires no additional authority from its issuance. "By the levy, a lien is created whose duration is not limited to the return day of the writ, and from this it must necessarily follow that the officer has authority, notwithstanding the passing of such return day, to make his levy productive by a sale of the realty levied upon, and this authority is not dependent on the issuing of a *venditioni exponas*, for this writ does nothing more than to compel performance of a pre-existing duty." (Freeman on Executions, 2d ed., sec. 58.). This rests upon the principle that the levy is the essential act by which the property is set apart for the satisfaction of the judgment and taken into the custody of the law, and that after it has been taken from the defendant, his interest is limited to its application to the judgment, irrespective of the time when it may be sold.

A decree or a decretal order for the sale of certain specific property, made by a court of equity, differs materially from a common-law judgment. Instead of running against the entire property of the judgment debtor, it specifies the property which the court directs to be sold for the purpose of carrying its judgment into effect, and the officer, in executing this order, acts under the direct mandate of the court, without the power or necessity of taking any property from the possession of the defendant. Such a judgment under the chancery system was not carried into effect by a writ of execution, but a certified copy thereof was furnished to the master as his authority for making the sale, and the master was at liberty to exercise his discretion in regard to the time and place at which the sale should be made. (Wiltsie on Mortgage Foreclosures, sec. 517; *Blossom* v. *Railroad Co.*, 3 Wall. 208.) This practice prevailed in many parts of this state until the amendment in 1874

to section 684 of the Code of Civil Procedure.   (*Heyman* v. *Babcock*, 30 Cal. 367.)

In 1874, by an amendment to section 684 of the Code of Civil Procedure, authority was for the first time given for the issuance of anything in the nature of process for the purpose of enforcing a judgment directing a sale of real property.   In the amendment thus made, there is preserved the distinction between the mode of executing a common-law judgment and a decree in equity.   The process by which the decree is to be enforced is not termed a " writ of execution," as is that which is to enforce the ordinary money judgment, but the section provides: "When the judgment requires the sale of property, the same may be enforced by a ' writ ' reciting such judgment, or the material parts thereof, and directing the proper officer to execute the judgment, by making the sale and applying the proceeds in conformity therewith."   This " writ " is neither styled an execution, nor is it such in its nature, and the provision of section 683 of the Code of Civil Procedure requiring the " execution " to be made returnable within sixty days is inapplicable.   Even though the process thus authorized should, under the provisions of section 681 of the Code of Civil Procedure, be termed a writ of execution, it does not follow that the same incidents attend it as attend the process issued to enforce a common-law judgment.   The character of the writ is to be determined by the functions to be performed under its authority, rather than by its name.

In order to enforce the writ of execution which is issued upon a common-law judgment, it is necessary for the officer, before he can sell the property of the defendant, to indicate, by some act of his, the particular property which he intends to appropriate for that purpose. This act is called a levy, and, as we have seen, must be made in the lifetime of the writ.   When, however, the judgment itself designates the property which is to be sold, there is no occasion for a levy.   " The only object of a levy is to create a lien upon the land, or in other

words, to subject the lands to the payment of the plaintiff's debt. If this has already been done, a levy is supererogatory. If the sale has been ordered by a court of chancery in a suit in which all the parties in interest were before the court, there is no need of any levy, for the right to sell the land has attached as a consequence of the proceedings in the suit. Hence, under a decree foreclosing a mortgage, no levy need be made on the mortgaged premises." (Freeman on Executions, sec. 280.) The officer, in making the sale, is only executing the directions of the court, and his act is attended with the same result as his sale after a levy under a common-law execution. In both cases, the property has been specifically impressed with the burden of satisfying the judgment, and the judgment debtor is not affected by the time within which this sale shall be made.

The same reasons which uphold the validity of a sale by the sheriff after the return day of the writ, where the levy was made in its lifetime, uphold a sale in cases where no levy is required. Having the right to subject the property to a sale for the satisfaction of the judgment, the time within which it may be done is but directory, and under the control of the court. The court has at all times such control of its process as to prevent it from becoming a source of injury, but in the absence of some showing that injury has resulted from a delay in making the sale, it should not be set aside merely because it was not made before the return day of the writ. As the ground upon which the respondent herein asked to have the sale set aside was, that it was made after the return day of the writ, and as this was the only ground upon which the court made the order, it should be reversed.

It is so ordered.

DE HAVEN, J., PATERSON, J., and GAROUTTE, J., concurred.

Rehearing denied.