HOSMER WORKMAN, Respondent, v. SALZER LUMBER COMPANY, a Corporation, Appellant.

(199 N. W. 769.)

**Appeal and error — voluntary satisfaction of partial satisfaction of judgment does not necessarily amount to waiver of right to appeal.**

1. Voluntary satisfaction or partial satisfaction of a judgment does not necessarily amount to a waiver of the right of appeal.

**Chattel mortgages — court's jurisdiction to render foreclosure judgment not conditioned on plaintiff's taking possession of property under warrant of seizure.**

2. In an action to foreclose a chattel mortgage, the jurisdiction of the court to render a judgment is not conditioned upon the plaintiff's taking possession of the property under a warrant of seizure, under § 8138, Comp. Laws 1913.

**Chattel mortgages — law providing for return of execution on judgment of foreclosure within sixty days directory.**

3. Where the judgment in a foreclosure action forecloses the defendant's equity of redemption in specific property and provides for the issuance of a special execution directing the sheriff to take the property and sell it, the

Note.—(1) Right to new trial after satisfaction of judgment, see note in 28 L.R.A. 126; 29 L.R.A.(N.S.) 22; 2 R. C. L. 64; 1 R. C. L. Supp. 379; 4 R. C. L. Supp. 77; 5 R. C. L. Supp. 67.

judgment is one which is enforcible, under the terms of § 7714, Comp. Laws 1913, by a writ reciting the material parts of the judgment, and, in such case, the provision in the execution for its return within sixty days and in the statute, § 7719, Comp. Laws 1913, requiring executions to be returned within sixty days, is directory.

Opinion filed July 25, 1924.

Appeal and Error, 3 C. J. § 550 p. 676 n. 96, p. 677 n. 4, p. 678 n. 13. Chattel Mortgages, 11 C. J. § 549 p. 726 n. 56; § 556 p. 730 n. 34 New.

Appeal from the District Court of Stutsman County, *Coffey,* J. Reversed.

*Burfening & Conmy, Knauf & Knauf,* and *Sathre, Muir & Garberg,* for appellant.

*M. C. Freerks,* for respondent.

BIRDZELL, J. This is an appeal from a judgment awarding to the plaintiff a return to him of a separator, or in the alternative, in case return could not be had, the recovery of $750, the value of the property as determined by the verdict of the jury and for costs. Immediately after the rendition of the judgment in the district court, the plaintiff, by exhibiting to an agent of the defendant a copy of the judgment, secured a return of the property. Thereafter, a satisfaction of the judgment, except for costs, was filed. The facts essential to an understanding of the questions presented upon appeal are as follows: In July, 1920, the defendant, the Salzer Lumber Company, sold to the plaintiff, Workman, a Nichols & Shepherd separator, taking in payment Workman's note for $630 secured by a chattel mortgage on the separator and the attachments. Default having been made in the payment of the note, the company started an action to foreclose the chattel mortgage, but did not seize the property. In this action Workman defaulted, and judgment was entered against him for the amount due on the note. The judgment further provided that the equity of redemption in the mortgaged property be foreclosed, and awarded a special execution directing the sheriff to take it into his possession and sell it, applying the proceeds to the payment of costs and expenses of sale, and next to the payment of the judgment. Upon the entry of the judgment, a special execution was issued and placed in the hands of

the sheriff, who took the separator in his possession on or about November 26, 1922. The sheriff hauled the separator to Edmunds, North Dakota, and placed it in the lumber yard of the judgment creditor, the defendant in this action. On January 5th following, the sheriff was succeeded in office by another. Publication of the notice of the sale was withheld, both by the sheriff who made the levy and his successor, until April 3, 1923. According to the sheriff's report of sale, this delay was occasioned by the request of the judgment debtor to withhold publication of the notice of sale to enable him to make payment of the amount due under the judgment and save himself the expense of a sale. Just prior to this latter date, the plaintiff demanded of W. C. Wescom, the agent of the defendant at Edmunds, the return of the separator, which demand was refused. Immediately thereafter this action was started. The sheriff nevertheless sold the separator, under the special execution, to the defendant who, according to the sheriff's report of sale, bid therefor $75. The trial court in this action ruled that the commands of the special execution had not been properly executed and that the sale thereunder conferred no title upon the purchaser and, in pursuance of this ruling, instructed the jury to return a verdict for the plaintiff for the return of the property, leaving as the sole question for their determination the value, which they found to be $750.

The respondent moves to dismiss the appeal upon the ground that the judgment had been voluntarily satisfied by the defendant to the extent of allowing the plaintiff to take possession of the property under the judgment awarding him such possession. We are of the opinion that this motion should be denied. There are no circumstances shown which, in our opinion, would warrant the conclusion that the defendant, by permitting the plaintiff to take possession of the property, intended to waive the errors, if any, appearing in the judgment under which the plaintiff asserted his right of possession. The suit was in no sense compromised. Neither has the defendant received any benefit under the judgment which would preclude him from appealing. Tyler v. Shea, 4 N. D. 377, 50 Am. St. Rep. 660, 65 N. W. 468. Our statute (Comp. Laws 1913, § 7826), by permitting appeals without the obtaining of a stay, recognizes the right of one to have a judgment reviewed in this court, though such judgment may have been satisfied pending the appeal. If, therefore, the defendant, by satisfying the

judgment in question, is precluded from prosecuting his appeal, he is precluded merely because he has voluntarily done that which he might have been compelled to do without losing his right of appeal. We know of no substantial reason why voluntary acquiescence in a judgment should prevent one from having the judgment reviewed, while yielding to the legal processes for the enforcement of a judgment would not have such an effect. In 2 R. C. L. 65, this matter is discussed as follows:

"As a general rule, however, one against whom a judgment or decree for a sum of money has been rendered does not, by voluntarily paying or satisfying it, waive or lose his right to review it upon a writ of error or appeal unless such payment or satisfaction was by way of compromise or with an agreement not to pursue an appeal or writ of error. This rule has been placed upon the ground that one against whom a judgment is entered, if he fails to satisfy it, must expect to see his property seized and sold at a sacrifice, and it is difficult to conceive how his payment of the judgment can give rise to any estoppel against seeking to avoid it for error. The better view accordingly is, that though the execution has not issued the payment of a judgment must be regarded as compulsory, and therefore as not releasing errors, nor depriving the payor of the right to appeal."

See Warner Bros. Co. v. Freud, 131 Cal. 639, 82 Am. St. Rep. 400, 63 Pac. 1017; Freeman, Judgm. § 480a.

The appellant presents the main issue upon appeal as follows: "When there has been a valid levy and seizure of personal property under a special execution before the return day, and the sheriff does not make his return thereon within sixty days after the receipt of the writ by him, does the delay of the sheriff in making his return completely destroy his right of possession under the levy and seizure, so that the execution debtor can reclaim the property without a demand on the sheriff, and wherever found?"

This, in our opinion, is the decisive question in the case, for if the sheriff, after the expiration of the time limit for making the return, was still entitled to the possession of the property for the purpose of executing the writ, the plaintiff in this action was not likewise entitled to the possession and, unless entitled to the possession, this action can not be maintained.

It is urged, however, by the respondent that the judgment under

which the special execution was issued was void as being without juris-
diction, for the reason that there was no attempt to obtain possession
of the property for purposes of foreclosure when the foreclosure action
was started and that, since this vitiated the foreclosure proceeding as a
whole, it likewise vitiated all subsequent proceedings with reference to
the property in question. This contention is founded upon § 8138 of
the Compiled Laws for 1913, which reads in part as follows:

"If the plaintiff is not in possession of the property, a warrant may
at the time of issuing the summons, or any time before judgment, be
issued by the clerk of the court in which the action is commenced, com-
manding the sheriff to seize and safely keep the same to abide the final
judgment in the action. . . . The sheriff must immediately execute
the warrant by seizing the property and holding the same until dis-
posed of according to law."

Section 8140 requires the clerk to take a written undertaking on
the part of the plaintiff, with sufficient surety to indemnify the defend-
ant, as a condition of the issuance of the warrant. We are clearly of
the opinion that jurisdiction of an action to foreclose a lien upon per-
sonal property is in nowise dependent upon the seizure of the property
under a warrant. We think the statute is clearly permissive in that it
permits the lien holder to have the property seized if he is willing to
furnish the requisite security. The power to render a judgment which
will be effective as against the property sought to be reached, is not con-
tingent upon the prior issuance of such a warrant. The judgment in
foreclosure directed the sale of the property, and the so-called execution
contained the recitals required by § 7714, Comp. Laws, 1913. The
levy was properly made, and hence the property was in the legal cus-
tody of the sheriff for the purpose of carrying out the writ. Did he
lose the right to execute the writ at the expiration of the statutory time
for making the return?

The judgment in the foreclosure action, in pursuance of which this
property was taken into the possession of the sheriff, adjudged and de-
creed that the equity of redemption of the defendant, Hosmer Work-
man, in the specific property, which was described, "be and the same
is forever barred and foreclosed." It then provided for the issuance of
a "special execution" directing the sheriff to take the property into his
possession and sell it after advertising the sale according to the practice

of the court and the law with reference to sale of personal property under execution, and to apply the proceeds in the manner hereinbefore stated. It is obvious that the chattel mortgage lien was merged in this judgment and that by virtue of the judgment the creditor obtained the right to possess and sell the specific property which was thus made applicable to the satisfaction of the money demand. This is the character of judgment referred to in that part of § 7714 of the Compiled Laws for 1913, which says ". . . When the judgment requires the sale of property, the same may be enforced by a writ reciting such judgment, or the material parts thereof, and directing the proper officers to execute the judgment by making the sale and applying the proceeds in conformity therewith." In the case of McCormick v. Phillips, 4 Dak. 506, 34 N. W. 39, the territorial court, in construing the above statute, said (page 543): "In an action to foreclose a mortgage, which is in equity the decree is an execution in itself and provides, in its own body, for the time, place, manner, etc., of the sale." And it has been held in California, under an identical statute, considered in connection with the further statutory requirement (similar to that found in § 7719 of the Compiled Laws of North Dakota for 1913) that the execution shall be returnable within sixty days after its receipt by the officer, that the sixty day limitation did not apply to a so-called execution or writ issued in pursuance of a judgment requiring the sale of particular property and that in such case the limitation was no more than directory. Southern California Lumber Co. v. Ocean Beach Hotel Co. 94 Cal. 217, 28 Am. St. Rep. 115, 29 Pac. 627. In the latter case it was held that where a levy had been made during the lifetime of the writ, the sale might be made after the return day. We are of the opinion that when the mortgage lien ripened into a judgment foreclosing the defendant's equity of redemption and when the property was taken into the possession of the sheriff for the purpose of executing the judgment, the judgment is to all intents and purposes, to use the language of our territorial court, "an execution in itself." The fact that the writ may not be literally complied with as to the time within which the return is directed to be made is of no particular consequence unless the defendant in the judgment be prejudiced by the delay. As was said in the California case, 94 Cal. 217–224:

"Having the right to subject the property to a sale for the satisfac-

tion of the judgment, the time within which it may be done is but directory, and under the control of the court. The court has at all times such control of its process as to prevent it from becoming a source of injury, but in the absence of some showing that injury has resulted from a delay in making the sale, it should not be set aside merely because it was not made before the return day of the writ."

In the case at bar the plaintiff claims the right to immediate possession of the property upon the expiration of sixty days after the writ came into the hands of the sheriff, but it is quite obvious to us that such a right to possession cannot exist in him consistent with the terms of the judgment in the foreclosure action. To so hold would be tantamount to holding that the judgment creditor loses the benefit of the foreclosure decree in its application to the particular property by virtue of the nonaction of the sheriff. Clearly, the direction for the disposition of the property is merely incidental to the more substantial part of the decree which adjudicates the rights of the parties. Hence, the reason for holding that any implied limitations of time within which the sale may be made are directory merely.

We express no opinion as to whether or not an officer who has levied upon property under a general execution to satisfy an ordinary money judgment is entitled to retain possession after the statutory return day in instances other than those covered by § 7750, Comp. Laws 1913. See, however, Freeman, Executions, 3d ed. §§ 106, 107. Nor is this opinion to be construed as holding that the lien of a mortgage may not be destroyed by the failure of the mortgagee or his agent to proceed properly under a warrant of seizure where the property is seized for purposes of foreclosure. This is not such a case.

It follows from what has been said that the plaintiff has failed to establish his right to possession as against the sheriff, in whose right the defendant justifies, at the time the action was brought, and that the judgment must be reversed and the action dismissed. It is so ordered.

JOHNSON, CHRISTIANSON, and NUESSLE, JJ., concur.

BRONSON, Ch. J., concurs in result.