STATE OF NORTH DAKOTA EX REL. FARGO LOAN AGENCY, a Corporation, Respondent, v. F. P. CONRATH as Sheriff of Mercer County, North Dakota, Appellant.

(206 N. W. 777.)

**Mandamus — service of alternative writ, directed to sheriff, may be served by any person not party to proceedings unless ordered served by officer.**
  1. Service of an alternative writ of mandamus directed to a sheriff may be made by any person not a party to the proceeding where the court issuing the writ does not by order require service to be made by an officer.

**Forcible entry and detainer — execution in same, issued out of justice court, must be made returnable within thirty days; unless it is renewed mandamus will not lie to compel officer to whom it is directed to execute it after thirty days.**

2. An execution in forcible detainer issued out of a justice court must be made returnable within thirty days after its date. After the expiration of that time it becomes functus officio, unless renewed, and mandamus will not lie to compel the officer to whom it is directed to execute it.

Opinion filed December 21, 1925.

Forcible Entry and Detainer, 26 C. J. § 153 p. 870 n. 23. Mandamus, 38 C. J. § 147 p. 640 n. 38; § 647 p. 908 n. 37.

Appeal from the District Court of Mercer County, *L. Berry*, J.

From an order awarding a peremptory writ of mandamus the defendant appeals.

Reversed.

*J. N. McCarter*, for appellant.

An officer has no authority to make a levy of a fieri facias after the return day thereof. 17 Cyc. § 6.

*S. P. Rigler*, for respondent.

Although where a sheriff as party to an action was disqualified to serve summons, his deputy as such was also disqualified as the disability of the sheriff did not arise out of the fact that he was sheriff but merely from the fact that he was a party to the proceeding and such disability in no way affected the authority of the deputy to make service as a private individual and the court acquired jurisdiction over the defendant by such service. Axtell v. Rooks, 162 N. W. 751.

NUESSLE, J. This appeal is from an order of the district. court of Mercer county awarding a peremptory writ of mandamus.

On December 10th, 1924, the relator, the Fargo Loan Agency, obtained a judgment in a justice court of Mercer county against one Margaretha Lehman in an action of forcible detainer. No appeal was taken from such judgment. Thereafter, and on January 28th, 1925, the relator procured the issuance of an execution upon such judgment by the justice who had entered the judgment. This execution was directed to the sheriff of Mercer county and required him to deliver

the possession of the premises involved in the suit to the relator. The sheriff, defendant herein, neglected and refused to proceed under such execution and to obey the mandate thereof. On April 18th, the relator applied to the district court of Mercer county for an alternative writ of mandamus, directed to the defendant as sheriff of Mercer county, requiring him to execute the process so issued out of the justice court, or show cause why he had not done so. An alternative writ was accordingly issued. It contained no direction as to the manner in which it should be served. Service was made upon the defendant by a private citizen of Mercer county who was not a party to the proceeding. On the return day the defendant, appearing specially, objected to the jurisdiction of the court to proceed with the matter for the alleged reason that no proper service had been made upon him because not made by an officer. This objection was overruled. Whereupon the defendant refused to make a general appearance and a default was declared. The court proceeded to hear the relator's proofs in support of the application and ordered the issuance of a peremptory writ was prayed therein. From this order so made the defendant perfected the instant appeal.

In his brief, and on argument in this court, the defendant urged two propositions. First, that no proper service of the alternative writ was made upon him because not made by an officer, and that therefore the court was without jurisdiction, and, second, that the execution issued out of the Justice Court expired on March 1st, 1925, and that thereafter the sheriff could not be compelled to take action under the writ which had become functus officio.

Section 7427, Comp. Laws 1913, prescribing by whom summons in a civil action may be served provides:

"The summons may be served by the sheriff of the county where the defendant may be found, or by any other person not a party to the action; . . . provided, however, that whenever any summons or other process shall be served by any person other than a sheriff or his duly appointed deputy, no fees shall be allowed therefor, either for mileage in traveling or making such service, or for serving said summons or process."

Section 8468, Comp. Laws 1913, provides:

"The writ (mandamus) must be served in the same manner as sum-

mons in a civil action except when otherwise expressly directed by order of the court. . . ."

In the light of these provisions it is plain that there is no merit to defendant's first contention. The service was good. Further discussion is unnecessary.

Article 10 of chapter 3 of the Justices' Code (§§ 9115–9125) Comp. Laws 1913, deals with executions in justice courts. Executions in forcible detainer are included therein. Section 9121. An execution must be made returnable to the justice within thirty days after its date. Section 9117. On application of the judgment creditor it may be renewed as often as necessary. Section 9124. An execution is the warrant of authority under which the officer acts. He is bound by the directions contained therein. They measure the extent of his authority. If the process is void, the officer proceeds thereunder at his peril. Under the terms of the statute, § 9117, supra, an execution in forcible detainer issued out of a justice court must be made returnable within thirty days after its date. After the expiration of that time it becomes functus officio. See Southern California Lumber Co. v. Ocean Beach Hotel Co. 94 Cal. 217, 28 Am. St. Rep. 115, 29 Pac. 627; Waldrop v. Friedman, 90 Ala. 157, 24 Am. St. Rep. 775, 7 So. 510; Freeman, Executions, § 106; 23 C. J. 429, and cases cited at note 85.

In the instant case, the execution was issued on January 28th, 1925. It had not been renewed. The application for the writ of mandamus was made on April 18th. The alternative writ was issued on April 22d. The order awarding the peremptory writ was made on May 29th. At the time this order was made, the return day of the execution was long past and the process was therefore functus officio. The defendant could no longer legally proceed under it. It follows that mandamus did not lie to compel him to execute it. The district court erred in awarding the peremptory writ and the order must be reversed. It is so ordered.

CHRISTIANSON, Ch. J., and BIRDZELL, BURKE, and JOHNSON, JJ., concur.