**Sharon Lee BOND, Plaintiff and Appellee,**

v.

**John BUSCH, d/b/a Busch Gardens, Defendant and Appellant.**

**Civ. No. 10027.**

Supreme Court of North Dakota.

Dec. 22, 1981.

No appearance or brief for plaintiff and appellee.

Irvin B. Nodland and Patrick A. Conmy, of Lundberg, Conmy, Nodland, Lucas & Schulz, Bismarck, for defendant and appellant; argued by Conmy, Bismarck.

VANDE WALLE, Justice.

John Busch appealed from a memorandum opinion issued by the district court of Burleigh County on May 20, 1981, denying Busch's motion to rescind an order in aid of execution entered by the district court on March 27, 1981. We dismiss the appeal.

Sharon Lee Bond obtained a judgment against John Busch, d/b/a Busch Gardens, on July 16, 1980. On March 27, 1981, Bond filed a motion for an ex parte order in aid of execution alleging that a judgment against Busch had been obtained by Bond on July 16, 1980; that an execution was issued on December 23, 1980; that the execution was returned unsatisfied; that Busch was known to carry large amounts of cash on his person; that Busch had admitted he used cash to pay the obligations of his business, Busch Gardens; and that Bond believed that she could not collect the judgment without an order directing the sheriff to seize the cash on the person of Busch, upon the premises of Busch Gardens, or elsewhere. In support of her allegation that Busch admitted he used cash to pay the obligations of his business, Bond attached to her motion uncertified copies of three pages of a deposition taken of Busch on February 26, 1981. That deposition was taken in another case involving Busch but not Bond. The purpose of the attachment of a portion of the deposition was, according to the motion, to indicate "that Mr. Busch carries amounts of non-exempt property in the form of cash." Bond's application for an order in aid of execution was granted, without a hearing, and an order in aid of execution was issued the same day, i.e., March 27, 1981. The order in aid of execution ordered the sheriff to satisfy the judgment "out of the cash upon the person

of John Busch, upon the premises of Busch Gardens, or elsewhere as the same may be found; ..."

Subsequent to the issuance of the order in aid of execution, Busch apparently was personally searched and small amounts of money were taken from his person. Busch then filed a motion to rescind the order in aid of execution. A hearing was held, resulting in the May 20, 1981, memorandum opinion from which this attempted appeal is taken.

In the memorandum opinion the trial court considered the issue of whether or not a writ of execution can be issued to direct the sheriff to seize money from the pocket of the judgment debtor. The trial court considered Busch's claim that the order of execution violated his rights under the Fourth Amendment to the United States Constitution.[1] The trial court noted that it doubted that the Fourth Amendment has application because post-judgment collection procedures involve judicial supervision. The trial court concluded that because Bond had made application and a showing before the trial court prior to the time the execution was issued, there had been judicial intervention which satisfied the Fourth Amendment guarantees if they were applicable to the execution proceedings.

On appeal Busch sets forth the following issue:

"On the basis of an unsworn petition, may a District Court issue an Order in Aid of Execution in a civil matter which allows a sheriff to search and seize property of a judgment debtor that may be on his person, in his personal residence or place of business?"[2]

The thrust of Busch's argument appears to be that an insufficient presentation was made to the district court at the time of the issuance of the order in aid of execution and that no additional supporting documentation was presented to the trial court after the order in aid of execution had been challenged by Busch. Busch urges us to establish guidelines under which orders in aid of execution may be issued. He argues that orders in aid of execution which permit intrusion into a person's place of residence, property, and personal effects or the search of the person should not be permitted unless some minimum showing of fraud or secretion of property subject to levy has been made. Even in those instances in which such a showing is made, Busch asks us to establish some limitations as to frequency, time, and conditions for such civil searches.

■ Although an expedition into these waters might appear tempting, we must refuse Busch's request and dismiss the appeal.[3]

1. Article 4 of the Amendments to the United States Constitution provides:
   "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated; and no warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

2. Bond did not appear in person or by counsel nor did she file a brief in this appeal. A letter by Bond's counsel at the trial court level addressed to this court informs us that counsel was instructed by Bond not to proceed with the appeal because of financial considerations.

3. Busch has appealed from a memorandum opinion. From the record it appears that no order denying the motion to rescind the order in aid of execution was entered after the memorandum opinion was issued by the trial court on May 20, 1981. The right to appeal is purely statutory and an order is appealable only when it comes within the provisions of Section 28–27–02, N.D.C.C. *Chas. F. Ellis Agency, Inc. v. Berg*, 214 N.W.2d 507 (N.D.1974). In *Chas. F. Ellis Agency*, we determined that a memorandum opinion which specifically directs the attorney for the prevailing party to prepare an order denying such motion and to submit such order to the court for signature within a certain time was not appealable. In *Hospital Services, Inc. v. Dumas*, 297 N.W.2d 320 (N.D.1980), we indicated, at footnote 1, that a memorandum opinion which contained an order of dismissal was appealable. Here, the memorandum opinion did not direct the attorney for the prevailing party to prepare an order denying such motion and to submit such order to the court for signature. The memorandum opinion did state that: "The motion to rescind the order which was issued in aid of execution is denied." In view of our holding we need not decide whether or not the memorandum opinion contains an order which is appealable.

Section 28–21–07, N.D.C.C., provides that an execution shall be returnable to the clerk with whom the record of the judgment is filed within sixty days after its receipt by the sheriff. In *Workman v. Salzer Lumber Co.*, 51 N.D. 280, 199 N.W. 769 (1924), the court held the statutory provision to be directory where the sheriff had seized the property under a special writ within the sixty-day period but did not sell it until after the sixty-day period. The court expressed no opinion as to whether or not an officer who has levied upon property under a general execution to satisfy an ordinary money judgment is entitled to retain possession after the statutory return day. It is apparent, however, that a writ of execution which does not direct the foreclosure of a lien on specific property and under which property has not been taken into possession of the sheriff within the sixty-day period no longer is valid. 33 C.J.S. *Executions* § 93, at 238. In the same manner an order in aid of execution ceases to have any effect when the statutory period has expired. At the time of this appeal the writ of execution had expired. The order in aid of execution which Busch attacks also had expired. We have indicated many times that we will not consider appeals in cases involving questions which are moot because to do so would result in the giving of an advisory opinion. See, e.g., *Wahpeton Public Sch. Dist. v. North Dakota Ed. Assn.*, 166 N.W.2d 389 (N.D.1969); *State v. Gussner*, 92 N.W.2d 65 (N.D.1958). The requirement that this court accept, as a matter of right of the appellant, all cases which are properly appealable under statutes enacted by the Legislative Assembly and the resulting recent increase in the number of appeals to this court dictate that we consider only those cases in actual controversy and resist any temptation to issue advisory opinions in the hope that they will prevent future litigation or appeals.

The fact that money was taken from Busch's person under the order in aid of execution does not provide a basis for concluding there is an actual controversy. In the memorandum opinion from which the attempted appeal is taken, the trial court determined that following the levy Busch filed an affidavit in claim of exemption which included the personal property taken from the defendant by the sheriff. Because Bond did not file timely objection to the claim of exemption the trial court held that the exemption must be allowed, and the money was returned to Busch.

Busch projects that if another execution is issued and another order in aid of execution is sought from the trial court it will be similar to the expired writ of execution and order in aid thereof which he attacks in this appeal. Although it is not inconceivable that another writ of execution and another order in aid thereof may be issued similar to those which expired, that does not justify our accepting that possibility as fact so that we may render an opinion on the matter. It is just as conceivable that in applying for another order in aid of execution, Bond will submit a sworn petition in support of the application and that the trial court will limit its order in the nature that Busch claims is required by the Fourth Amendment. Busch may have already accomplished in fact what he now requests us to confirm by opinion.

The appeal is dismissed as moot.

ERICKSTAD, C. J., and SAND, PAULSON and PEDERSON, JJ., concur.