Ernest LANG, Plaintiff and Appellant,

v.

A.J. BARRIOS in his capacity as Deputy Sheriff of Burleigh County; Burleigh County, acting through its Sheriff's Department; Bank of Steele, Defendants and Appellees,

and

Anton Binstock, Defendant.

Civ. No. 910048.

Supreme Court of North Dakota.

June 25, 1991.

Ernest Lang, pro se.

Patricia L. Burke, State's Atty., Bismarck, for defendants and appellees Barrios and Burleigh County.

Arlen Ruff of Kelsch, Kelsch, Ruff & Austin, Mandan, for defendant and appellee Bank of Steele.

LEVINE, Justice.

Ernest Lang appeals from a summary judgment in favor of all the defendants. We affirm in part, reverse in part and remand.

In an appeal from summary judgment, we view the evidence in the light most favorable to the party who opposed the motion and give that party the benefit of all favorable inferences which reasonably can be drawn from the evidence. *Bourgois v. Montana–Dakota Utilities*, 466 N.W.2d 813, 815 (N.D.1991). Our recitation of facts reflects that principle.

The Bank of Steele (Bank) obtained a judgment against Lang. *See Bank of Steele v. Lang*, 399 N.W.2d 293 (N.D.1987). In September 1986, the Burleigh County sheriff's office executed that judgment by levying upon Lang's farm machinery, equipment and cattle. On September 29, 1986, deputy sheriff A.J. Barrios conducted a sale of the levied property at the Lang farm. The sale was attended by, among others, Barrios, representatives of the Bank and Lang. The Bank purchased Lang's personal property at the sale.

On September 28, 1987, Lang filed a complaint seeking damages and repudiation of the sale and the return of some of his personal property. Lang sued Barrios, Burleigh County, the Bank and the person to whom the Bank had leased the purchased machinery, Anton Binstock. Lang alleged that Barrios violated section 28–23–07, NDCC, by selling some of the machinery and equipment when it was not in view of those who attended the sale and by disregarding Lang's request that the cattle be sold by the head in order to bring the highest price. Instead, Lang claims, Barrios followed the Bank's instruction that the cattle be sold in three groups: cow-calf pairings, yearlings and cows. Barrios did not, however, separate the cattle into those groups before selling them.

The defendants moved for summary judgment. After a hearing, the district court concluded that the defects made the sale voidable, not void, and Lang's challenge was untimely because Lang "waited an unreasonably long time to attack the sale of his personal property." The court granted summary judgment. Lang appealed.

Summary judgment allows the disposal of a controversy if either side is entitled to judgment as a matter of law or if no dispute exists as to either the material facts or the inferences to be drawn from undisputed facts. *Ebach v. Ralston*, 469 N.W.2d 801 (N.D.1991).

Lang sued for damages. An action for wrongful execution may be based upon a wrongful sale. 30 Am.Jur.2d *Executions* §§ 750, 752, 755, 758 (1967). The violation of a statutory duty is, at the very least, evidence of a party's violation of a standard of care. *See, e.g., Kershaw v. Reichert*, 445 N.W.2d 16, 18 (N.D.1989). An execution creditor who instructs a sheriff to sell the levied property in a wrongful manner can also be liable. *See* 30 Am. Jur.2d *Executions* §§ 752, 753. Section 28–23–07, NDCC, provides, in part, that when an execution sale "is of personal property capable of manual delivery, it

must be within view of those who attend the sale and must be sold in such parcels as are likely to bring the highest price." Thus, our statute provides protection to the execution debtor's rights in levied property. *Cf. Mees v. Ereth,* 466 N.W.2d 135, 136 (N.D.1991) [sheriff must recognize debtor's right to exempt property].

■ Lang had a right to have his personal property sold in accordance with the statute. Lang says Barrios sold some of the machinery without displaying it to the bidders and that he suffered damages because of that statutory violation. The Bank directed Barrios to sell Lang's cattle in three groups and Barrios sold the cattle according to the bank's directions, but did not physically separate the herd into these three groups which, Lang claims, deflated the price. Lang, therefore, raised questions of fact over whether the deputy sheriff failed to sell Lang's personal property with the proper care, thereby causing Lang damage, and whether the Bank directed the deputy to violate the standard of required care. Lang did not, however, state that Anton Binstock participated in the sale, nor did Lang set out any other facts supporting a damage claim against Binstock.

■ The trial court dismissed Lang's complaint because it was untimely. The limitation period for an action against a sheriff for civil liability based on acts performed in an official capacity, including execution sale, is three years. NDCC § 28–01–17(1). *See also* NDCC § 32–12.1– 10 [three-year limitation on claim against political subdivision]. The general period of limitation for an action for negligent conduct is six years. NDCC § 28–01–16(5). Lang brought this action within one year of the execution sale, well within any of the limitation periods. Accordingly, summary judgment of Lang's damage action against Barrios, the County and the Bank because of untimeliness was improper.

■ Lang also sought to set aside the sale of his machinery. Whether an execution sale has been timely attacked, and can be set aside, depends, in part, on whether the sale is void or voidable. A void sale is a nullity and can, therefore, be attacked

anytime. *See Kuntz v. Partridge,* 65 N.W.2d 681, 690 (N.D.1954); *Power v. Larabee,* 3 N.D. 502, 57 N.W. 789, 791 (1894); *see also,* 30 Am.Jur.2d *Executions* § 318. A sale is void if the sheriff lacked jurisdiction over the property, as in the case of inadequate notice, *Kuntz,* 65 N.W.2d at 690, or when an execution is issued on a void judgment, *Renner v. J. Gruman Steel Co.,* 147 N.W.2d 663, 669 (N.D.1967). A voidable sale is one where the sheriff has authority to make the sale but exercises that authority in a manner that allows an interested party to challenge the sale, as when the sheriff fails to follow a manner-of-sale statute. *Power,* 57 N.W. at 791; *cf. Matter of Estate of Hansen,* 458 N.W.2d 264, 268–69 (N.D.1990).

■ Here, the sheriff had the authority to conduct the sale. *See* NDCC §§ 28–21– 05, et seq. Lang has raised no issue of material fact regarding the adequacy of notice or the validity of the judgment. Nor does any other alleged defect make the sale void. The district court properly concluded that this sale was voidable. But a voidable sale must be attacked within a reasonable time. *Power,* 57 N.W. at 791; *Redman v. White,* 85 Ariz. 82, 83, 331 P.2d 1096, 1097 (1958); 30 Am.Jur.2d *Executions* § 628. The question is whether Lang brought his challenge within a reasonable time.

■ What is a reasonable time necessarily depends on the circumstances of each case. There is no right to redeem personal property. Nonetheless, we believe there is a useful analog to be derived from the law governing the redemption of real property, specifically, the discretion of the trial court in deciding the reasonable time for redeeming real property. When there is a statutory period of redemption, a reasonable time is measured by the statutory period of redemption. *Power,* 57 N.W. at 791. When there is no statutory period for redemption, the district court has the discretion to set a redemption period appropriate to the circumstances. *E.g., Straub v. Lessman,* 403 N.W.2d 5, 7 (N.D.1987). The district court did not abuse its discretion when it set no redemption period for pur-

chasers who had abandoned the property, failed to answer the complaint and failed to show any compelling reason why they should be spared from the judgment. *Bender v. Liebelt*, 303 N.W.2d 316, 319 (N.D.1981). Nor was there an abuse of discretion in a 90–day redemption period for a purchaser who admitted the defaults on a contract for deed and provided no actual defense to the cancellation action. *Schumacher Homes, Inc. v. J. & W. Enterprises*, 318 N.W.2d 763, 765 (N.D.1982).

Lang was present at the sheriff's sale and objected then to the defects he now raises as a basis for setting aside the sale. It is clear that Lang knew of these defects at the time of the sale. Yet, he waited 364 days to bring these defects to the attention of a court. In the interval, the Bank sold the cattle and leased the equipment to a third party. Lang has not offered an explanation for his long delay in challenging the sale. We conclude the district court did not abuse its discretion in holding that Lang did not challenge the sale within a reasonable time.

We add a caveat to this decision. Lang has persisted in attacking the need for the sale of his personal property by attacking the previous foreclosure sale of his real property. The issues relating to the real property are settled. *See Lang v. Bank of North Dakota*, 377 N.W.2d 575 (N.D.1985); *Bank of Steele v. Lang*, 399 N.W.2d 293 (N.D.1987); *Lang v. Bank of Steele*, 415 N.W.2d 787 (N.D.1987).

The only issue in this case is Lang's right to damages for injuries, if any, caused by Barrios or the Bank's allegedly wrongful acts in conducting the execution sale of personal property. The facts of the previous real estate sale have no relevance to the present claim and the district court can foreclose all evidence and argument relating to the land sale.

We reverse the summary judgment of Lang's damage claim against Barrios, the County and the Bank, and affirm the dismissal of the rest of Lang's complaint. We remand to the district court for further proceedings.

ERICKSTAD, C.J., and MESCHKE, GIERKE and VANDE WALLE, JJ., concur.