2009 ND 149

**Edward J. TARNAVSKY, Plaintiff and Appellant**

v.

**Ron RANKIN, Sheriff of McKenzie County, personally and in his professional capacity, Defendant and Appellee.**

**No. 20090085.**

Supreme Court of North Dakota.

Aug. 18, 2009.

Rehearing Denied Sept. 16, 2009.

580

Edward J. Tarnavsky, self-represented, Grassy Butte, N.D., for plaintiff and appellant.

David Ray Phillips (argued) and Scott Kenneth Porsborg (appeared), Smith Bakke, Porsborg & Schweigert, Bismarck, N.D., for defendant and appellee.

KAPSNER, Justice.

[¶ 1] Edward Tarnavsky appeals from a summary judgment dismissing his action against Ron Rankin personally and in his capacity as sheriff of McKenzie County for claims involving separate sheriff's sales of Tarnavsky's real and personal property. Tarnavsky generally challenges the propriety of the sheriff's sales and the district court's discovery rulings. We affirm.

I

[¶ 2] Tarnavsky sued Rankin personally and in his capacity as sheriff of McKenzie County, alleging that Rankin committed "misfeasance" and "malfeasance" by ignoring Tarnavsky's lawful exemptions in separate June 2007 and August 2007 sheriff's sales of Tarnavsky's real and personal property, each sale arising out of a prior litigation. The sheriff's sales were related to prior litigation involving Tarnavsky, his brother, and Union Bank. *See Tarnavsky v. Tarnavsky*, 2008 ND 179, ¶ 1, 756 N.W.2d 548 (summarily affirming orders denying Tarnavsky's post-judgment motions); *Tarnavsky v. Tarnavsky*, 2006 ND 124, ¶ 7, 717 N.W.2d 534 (remanding with instruction to vacate September 2005 sheriff's sale and order confirming sheriff's sale); *Tarnavsky v. Tarnavsky*, 2003 ND 110, ¶ 1, 666 N.W.2d 444 (affirming judgment ordering Tarnavsky to pay his brother more than $260,000 for contribution and legal fees for federal court judgment).

[¶ 3] A June 5, 2007, sheriff's sale of Tarnavsky's land stemmed from the foreclosure of a promissory note and real estate mortgage by Union Bank, in which

the Bank obtained a judgment against Tarnavsky for $130,837.69, plus interest. The district court issued a writ of special execution directing Rankin to advertise and sell the property to satisfy the judgment against Tarnavsky. Rankin served the writ of special execution on Tarnavsky on April 20, 2007. Tarnavsky provided Rankin with an "Affidavit of Exemptions, NDCC 28–22 and NDCC 47–18" in which Tarnavsky claimed: (1) "[a]ll absolute exemptions" under "NDCC 28–22–02(1)–(7), (9)-(10), especially NDCC 28–22–02(5), provisions and fuel necessary for one year in the amount of $38,000"; (2) a homestead exemption valued at $80,000 for land next to Tarnavsky's "physical homestead"; and (3) a $2,500 exemption as a single person.

[¶ 4] At the June 5 sheriff's sale, Tarnavsky provided Rankin with a document in which Tarnavsky demanded: (1) immediate payment of all absolute exemptions listed in the affidavit of exemptions; (2) liquidation of an assignment of rents and leases that Tarnavsky made to the Bank on April 19, 2007; and (3) postponement of the sale until after collection of the money from the assignment of rents and leases. The sheriff's sale was held as scheduled, and the property was sold to the highest bidder for $134,000, which resulted in a surplus of $1,006.09. Rankin's "sheriff's report of sale" stated he transferred the proceeds from the sale, minus the surplus, to Union Bank, and issued a sheriff's deed to the purchasers. Rankin's affidavit also stated he deposited the surplus with the clerk of court. On May 22, 2008, Tarnavsky's brother and Tarnavsky's brother's wife redeemed the property.

[¶ 5] The second sheriff's sale, on August 3, 2007, involved Tarnavsky's personal property and stemmed from a lawsuit between Tarnavsky and his brother in which his brother obtained a judgment against Tarnavsky for $308,961.49. By a writ of execution dated May 31, 2007, Rankin was directed to satisfy the judgment out of Tarnavsky's personal property. Rankin served a notice of levy on Tarnavsky on July 10, 2007. Tarnavsky thereafter provided an "Amended Affidavit of Exemptions Execution # 9" in which he asserted: (1) all absolute exemptions under N.D.C.C. § 28–22–02(1)–(7) and (9)-(10); (2) provisions for one year and fuel necessary in the amount of $38,000; and (3) a $2,500 exemption as a single person. Tarnavsky's personal property was sold to his brother at the August 3, 2007, sale.

[¶ 6] Tarnavsky's complaint in this action alleged he provided Rankin with an affidavit of exemptions for the June 5, 2007, sale, which Rankin "ignored," and Rankin failed to account for the surplus from that sale. Tarnavsky alleged Rankin's actions at the June 5 sale constituted "misfeasance." Tarnavsky alleged "malfeasance" by Rankin at the August 3 sale, claiming the execution was illegally done without jurisdiction of the court and Rankin's sale of the personal property ignored Tarnavsky's lawful exemptions. Tarnavsky also alleged the August 3 sale constituted "the second predicate act required for civil racketeering." The district court granted Rankin summary judgment and dismissed Tarnavsky's action with prejudice.

II

[¶ 7] Summary judgment is a procedural device for promptly resolving a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if resolving factual disputes will not alter the result. *Red River Wings, Inc. v. Hoot, Inc.,* 2008 ND 117, ¶ 16, 751 N.W.2d 206. Whether summary judgment was proper is a question of law that we review de novo

on the record. *Id.* A party seeking summary judgment bears the initial burden of showing there is no genuine dispute regarding the existence of a material fact. *Riemers v. City of Grand Forks*, 2006 ND 224, ¶ 7, 723 N.W.2d 518. On appeal, we view the evidence in the light most favorable to the party opposing the motion. *Id.*

[¶ 8] A party resisting a motion for summary judgment may not simply rely upon the pleadings or upon unsupported, conclusory allegations. *Id.* Rather, the party resisting the motion must set forth specific facts by presenting competent, admissible evidence, whether by affidavit or by directing the court to relevant evidence in the record, demonstrating a genuine issue of material fact. *Id.* See N.D.R.Civ.P. 56(e). The party opposing summary judgment has the duty to direct the court's attention to relevant evidence in the record, and "[t]he court has no duty to scour the record for evidence that would preclude summary judgment." *Riemers*, at ¶ 7. We explained the obligations placed upon a party resisting a summary judgment motion in *Earnest v. Garcia*, 1999 ND 196, ¶ 10, 601 N.W.2d 260 (citations omitted):

> Judges, whether trial or appellate, are not ferrets, obligated to engage in unassisted searches of the record for evidence to support a litigant's position. In *Umpleby By and Through Umpleby v. State*, 347 N.W.2d 156, 160 (N.D.1984), this Court explained:
>
>> A party resisting a motion for summary judgment has the responsibility of presenting competent admissible evidence by affidavit or other comparable means, and, if appropriate, drawing the court's attention to evidence in the record by setting out the page and line in depositions or other comparable documents containing testimony or evidence raising a material

factual issue, or from which the court may draw an inference creating a material factual issue.

> In summary judgment proceedings the trial court has no legal obligation or judicial duty to search the record for evidence opposing the motion for summary judgment. This principle is equally applicable, if not more so, to appellate proceedings because the appellate court, except for jurisdictional matters and the taking of judicial notice, generally considers only those issues raised in the trial court.

A party opposing a summary judgment motion "must also explain the connection between the factual assertions and the legal theories in the case, and cannot leave to the court the chore of divining what facts are relevant or why facts are relevant, let alone material, to the claim for relief." *Peterson v. Zerr*, 477 N.W.2d 230, 234 (N.D.1991).

### III

[¶ 9] Tarnavsky argues the district court erred in granting Rankin summary judgment because Rankin sold Tarnavsky's property after ignoring Tarnavsky's claimed exemptions and the assignment of rents and leases. Tarnavsky claims the district court did not confirm the sheriff's sales as required by law and Rankin transferred the property without authority. Tarnavsky also asserts he was denied discovery before the district court ruled on the summary judgment motion and he had a legitimate civil claim against Rankin under the provisions of N.D.C.C. ch. 12.1–06.1, Racketeer Influenced and Corrupt Organizations ("RICO"). Tarnavsky essentially claims the sheriff's sales were not conducted according to law and Rankin's conduct constituted theft, which gave rise to the RICO claim.

■ [¶ 10] An action for wrongful execution may be based upon a wrongful sale in violation of a statutory duty. *See Lang v. Barrios*, 472 N.W.2d 464, 465 (N.D. 1991); *see generally* 30 Am.Jur.2d *Executions and Enforcement of Judgments* §§ 522 et seq. (2005). Here, however, Tarnavsky has not demonstrated there is a genuine issue of material fact that Rankin violated any statutory duties for sheriff's sales.

■ [¶ 11] Although Tarnavsky asserts the sale of the real property violated his homestead exemption, Tarnavsky waived any homestead exemption under N.D.C.C. § 47–18–05.1(1). *See* N.D.C.C. § 47–18–04. Tarnavsky's other claimed exemptions were for personal property and are not applicable to the sheriff's sale of land on June 5, 2007. Tarnavsky contends Rankin should have postponed the June 5 sale, but he has not cited any authority for a sheriff to postpone the sale without a court order. Tarnavsky also asserts Rankin did not account for the $1,006.09 surplus from the sheriff's sale, but Rankin's affidavit says the surplus was turned over to the clerk of court, and other than conclusory assertions, Tarnavsky has not provided any evidence, by affidavit or otherwise, to contradict Rankin's affidavit.

■ [¶ 12] Tarnavsky's "malfeasance" claims relate to the August 3, 2007, sheriff's sale of his personal property. Rankin claims Tarnavsky's general claim of exemptions failed to specifically identify any personal property that was exempt from the sale and Rankin did not sell any exempt property at the August 3 sale. Tarnavsky has not specifically identified any exempt property that was sold at the August 3 sale, and the items listed as sold at the August 3 sale are not exempt property under N.D.C.C. § 28–22–02(1)–(7) and (9)-(10).

■ [¶ 13] Tarnavsky asserts the writ of execution for the sale of personal property expired before the August 3, 2007, sale. We disagree.

[¶ 14] Section 28–21–07, N.D.C.C., provides:

The execution is returnable to the clerk with whom the record of the judgment is filed within sixty days after its receipt by the officer and, except when a sheriff's levy has been made within the sixty days, the execution is returnable to the clerk within a reasonable time following the completion of the sale of the property or ninety days after its receipt by the officer. If a levy has been made and the issue of ownership of the property or interest therein is raised by any party, or if the issue whether the property is exempt under chapter 28–22 is raised by either party, the court having jurisdiction may extend, for good cause shown, the execution for a reasonable time to accommodate due notice and hearing to determine these issues and to provide time for the publication of notice of sale and sale of the property subject to execution.

[¶ 15] In a case involving an earlier version of that statute, this Court said the 60–day limitation for returning an execution was directory. *Workman v. Salzer Lumber Co.*, 51 N.D. 280, 285, 199 N.W. 769, 771 (1924), *overruled on other grounds Lyon v. Ford Motor Co.*, 2000 ND 12, ¶ 10, 604 N.W.2d 453. *See* Compiled Laws of North Dakota 1913, § 7719 (providing "execution shall be returnable within sixty days after its receipt by the officer to the clerk with whom the record of judgment is filed"). In 1985, the Legislature added language in the first sentence of the statute to provide that except when a sheriff's levy has been made within sixty days, the execution is returnable to the clerk within a reasonable time following the

completion of the sale, or ninety days after its receipt by the officer. 1985 N.D. Sess. Laws ch. 347, § 2. In 1993, the Legislature added the second sentence pertaining to issues regarding ownership of the property, or claimed exemptions. 1993 N.D. Sess. Laws ch. 103, § 5.

[¶ 16] The language of N.D.C.C. § 28–21–01 does not limit a sale to 60 days after receipt of a writ of execution by a sheriff. *See Workman* 51 N.D. at 285, 199 N.W. at 771. The statute now specifically provides that under some circumstances the execution is returnable to the clerk within a reasonable time following the sale, or within ninety days after receipt. Moreover, if a levy has been made and a party raises an issue about ownership of the property or exemptions, the court may extend the execution for a reasonable time.

[¶ 17] Here, Rankin received the writ of execution on May 31, 2007, and he served a notice of levy on Tarnavsky on July 10, 2007. Although Tarnavsky thereafter gave Rankin an affidavit of exemptions, this record does not reflect the court extended the execution. Rather, this record reflects the sale was held on August 3, 2007, within the time contemplated by N.D.C.C. § 28–21–07. We reject Tarnavsky's assertion the execution expired before the August 3 sale.

[¶ 18] Tarnavsky asserts the sales were not confirmed by the court under N.D.C.C. § 28–23–13. This record does not show whether the court confirmed the sale of the real property under N.D.C.C. § 28–23–13, which, by its terms, is applicable to sales of real property. Such an order, if one exists, would appear in the record of the separate litigation giving rise to the execution. The record in this litigation contains a sheriff's deed to the real property at issue in which it is asserted that the court has confirmed the sale. Tarnavsky has submitted a Case Profile of the underlying litigation which refers only to a "Proposed Order Confirming Sale." Neither the trial court nor this Court is obliged to search the records of the underlying litigation to determine whether the proposed order was signed. *Earnest,* 1999 ND 196, ¶ 10, 601 N.W.2d 260. Tarnavsky has not met his burden in resisting the motions for summary judgment. To the extent Tarnavsky claims *Lang,* 472 N.W.2d 464, authorizes a lawsuit against a sheriff in the absence of an order confirming a sale of land, *Lang* is not controlling in this case. *Lang* did not involve the purported absence of a court order confirming a sale of land; rather, it involved claimed defects in the manner of the sale of personal property. *Id.* at 465–67.

[¶ 19] Tarnavsky contends the court erred in denying his discovery requests. Tarnavsky's claims involve whether Rankin complied with the statutory requirements for a sheriff's sale, and this record is adequate to permit review of those claims. We conclude the district court did not abuse its discretion in its rulings on discovery. *See Martin v. Trinity Hosp.,* 2008 ND 176, ¶ 17, 755 N.W.2d 900 (district court has broad discretion regarding discovery, and discovery decision will not be overturned on appeal absent abuse of discretion).

[¶ 20] We also reject Tarnavsky's arguments about his RICO claim. Although Tarnavsky argues Rankin's acts constituted theft, this record reflects Rankin conducted the sheriff's sales according to statutory requirements. *See Rolin Mfg. v. Mosbrucker,* 544 N.W.2d 132, 138 (N.D. 1996) (stating RICO claim requires criminal acts).

IV

[¶ 21] We hold Tarnavsky has failed to present competent admissible evidence to

raise a genuine issue of material fact on his claims that Rankin failed to conduct the sheriff's sales according to law, and Tarnavsky has failed to explain the connection between his factual assertions and his legal theories. We affirm the summary judgment.

[¶ 22] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.