2003 ND 110

**Edward TARNAVSKY, Plaintiff and Appellant,**

v.

**Morris TARNAVSKY and Vonne Tarnavsky, Defendants and Appellees.**

No. 20020292.

Supreme Court of North Dakota.

July 16, 2003.

Peter H. Furuseth, Imes & Furuseth, P.C., Williston, for plaintiff and appellant.

David A. Tschider, Tschider & Smith, Bismarck, for defendants and appellees.

SANDSTROM, Justice.

[¶ 1] Edward Tarnavsky appeals from a judgment ordering him to pay his brother, Morris Tarnavsky, $251,548.25 as contribution for a federal court judgment, and $9,679.44 for legal fees incurred in defending the federal action. We conclude the trial court did not err in ruling that no partnership existed between the parties and in awarding contribution to Morris Tarnavsky. We affirm.

I

[¶ 2] In 1967, Mary Tarnavsky and two of her sons, T.R. and Morris Tarnavsky, were engaged in a farming and ranching operation near Watford City, with Mary Tarnavsky receiving one-half of the grain and cattle proceeds and the two sons receiving the other half of those proceeds. T.R. and Morris Tarnavsky ran their share of the operation under an informal, unwritten partnership arrangement. In 1973, their brother, Edward Tarnavsky, began raising grain on the ranch. Initially, Edward Tarnavsky received ten percent of the grain proceeds, Mary Tarnavsky received forty-five percent, and T.R. and Morris Tarnavsky received forty-five percent. In 1980, T.R. and Morris Tarnavsky began receiving one hundred percent of the cattle proceeds and ninety percent of the grain proceeds, and Edward Tarnavsky continued to receive ten percent of the grain proceeds.

[¶ 3] In 1992, Morris Tarnavsky sent T.R. Tarnavsky a notice of dissolution of the partnership, and T.R. Tarnavsky sued Morris and Edward Tarnavsky in federal court for dissolution of the partnership and an accounting of partnership assets. In *Tarnavsky v. Tarnavsky*, 147 F.3d 674, 676 (8th Cir.1998), the Eighth Circuit Court of Appeals affirmed the federal trial court's finding that a partnership existed between T.R. and Morris Tarnavsky, and the trial court's dissolution of the partnership and equitable accounting and distribution of partnership assets to T.R. Tarnavsky. The federal judgment entitled T.R. Tarnavsky to $220,000 worth of cash or partnership assets, plus interest, from his partnership with Morris Tarnavsky. Although Edward Tarnavsky was not a partner in the partnership, the judgment was also against him because he had taken distributions from partnership bank accounts after the 1992 notice of dissolution. T.R. Tarnavsky attempted to execute on the federal judgment against Edward and Morris Tarnavsky, and Edward Tarnavsky

filed for bankruptcy. As a result, Morris Tarnavsky paid the bulk of the federal court judgment with partnership assets.

[¶ 4] After 1992, Morris and Edward Tarnavsky continued the ranching and farming operation under an informal arrangement. Edward Tarnavsky subsequently sued Morris Tarnavsky, claiming their subsequent business arrangement was a partnership and seeking dissolution and an accounting of partnership profits and assets. Morris· Tarnavsky answered, denying his business arrangement with Edward Tarnavsky was a ·partnership, and counterclaimed for contribution based on payments he made on behalf of Edward Tarnavsky to satisfy the federal court judgment. The trial court concluded the business arrangement between Edward and Morris Tarnavsky was not a partnership. The court awarded Morris Tarnavsky $251,548.25, plus pre-judgment interest, as contribution from Edward Tarnavsky, which equaled eighty-five percent of the federal judgment minus certain credits and represented the amount of Edward Tarnavsky's withdrawals from partnership accounts after Morris Tarnavsky's 1992 notice of dissolution of the partnership between T.R. and Morris Tarnavsky. The court also found Edward and Morris Tarnavsky jointly entered the federal litigation with an agreement to split legal fees and ordered Edward Tarnavsky to pay Morris Tarnavsky $9,679.44 for legal fees in the federal action.

[¶ 5] The trial court had jurisdiction under N.D. Const. art. VI; § 8, and N.D.C.C. § 27–05–06. Edward Tarnavsky's appeal was timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01.

## II

[¶ 6] Edward Tarnavsky argues the trial court erred in failing to find a part-nership or a business arrangement existed between him and Morris Tarnavsky. Edward Tarnavsky claims Morris Tarnavsky prevented him from using partnership assets, and he is entitled to certain partnership assets to continue his farming operation.

[¶ 7] Under North Dakota law, a partnership is "an association of two or more persons to carry on as co-owners in a business for profit." *Tarnavsky*, 147 F.3d at 677 (quoting *Gangl v. Gangl*, 281 N.W.2d 574, 579 (N.D.1979)). The existence of a partnership is a mixed question of law and fact, and the ultimate determination of whether a partnership exists is a question of law. *Tarnavsky*, at 677. The critical elements of a partnership are (1) an intention to be partners, (2) co-ownership of the business, and (3) a profit motive. *Id.*

[¶ 8] The trial court decided Edward Tarnavsky failed to prove the existence of a partnership between himself and Morris Tarnavsky, and Edward Tarnavsky was not entitled to any distributions from Morris Tarnavsky. Edward Tarnavsky claims he is entitled to certain items of machinery because of his role in the Tarnavsky business. The record, however, does not establish co-ownership of any items of property or cattle, and does not establish Edward and Morris Tarnavsky intended to create a partnership for their business arrangement. We conclude the evidence does not establish a partnership between Morris and Edward Tarnavsky.

## III

[¶ 9] Edward Tarnavsky also argues Morris Tarnavsky is equitably estopped from claiming Edward Tarnavsky is not entitled to fifty percent of the assets or profits from the ranching operation under N.D.C.C. § 31–11–06, which authorizes

estoppel by declaration, act, or omission and provides

> When a party, by that party's own declaration, act, or omission, intentionally and deliberately has led another to believe a particular thing true and to act upon such belief, that party shall not be permitted to falsify it in any litigation arising out of such declaration, act, or omission.

[¶ 10] In *Matter of Estate of Helling*, 510 N.W.2d 595, 597 (N.D.1994) (citations omitted), this Court outlined the elements for equitable estoppel:

> To establish equitable estoppel, a plaintiff must show, on the part of the defendant:
>> "(1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than those which the [defendant] subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct will be acted upon by, or will influence, the [plaintiff]; and (3) knowledge, actual or constructive, of the real facts."
>
> The plaintiff also must show, on her own part:
>> "(1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance, in good faith, upon the conduct or statements of the [defendant]; and (3) action or inaction based thereon, of such a character as to change the position or status of the [plaintiff], to his injury, detriment, or prejudice."

[¶ 11] Edward Tarnavsky has not cited any statements or conduct by Morris Tarnavsky that may have misled Edward Tarnavsky into believing there was a partnership. Morris Tarnavsky testified the business arrangement was a pooling agreement. Although there may have been some type of business "arrangement" between Morris and Edward Tarnavsky, Edward Tarnavsky has cited no evidence to establish the parameters of that arrangement or to elevate that arrangement to the status of ownership and entitlement to an equal share of the business assets. We conclude Edward Tarnavsky has not established the elements necessary to show equitable estoppel.

## IV

[¶ 12] Edward Tarnavsky argues the trial court erred in awarding Morris Tarnavsky $9,679.44 in legal fees from the prior federal litigation. Edward Tarnavsky argues Morris Tarnavsky did not raise a claim for legal fees in his answer or counterclaim. Morris Tarnavsky responds the issue was tried by the express or implied consent of the parties.

[¶ 13] Whether an issue is tried by the implied consent of the parties is a matter within the trial court's discretion and will not be reversed on appeal absent an abuse of discretion. *Napoleon Livestock Auction, Inc. v. Rohrich*, 406 N.W.2d 346, 357 (N.D.1987). Implied consent is established when the parties recognize that the issue entered the case at trial and acquiesced in the introduction of evidence on that issue. *Id.*

[¶ 14] Although Morris Tarnavsky did not explicitly claim attorney fees in his pleadings, both Edward and Morris Tarnavsky testified they agreed to split legal costs in the federal court action. The court granted Morris Tarnavsky's motion during trial to amend the pleadings to conform to that evidence under N.D.R.Civ.P. 15(b). We conclude the trial court did not abuse its discretion in granting Morris Tarnavsky's motion to amend his pleading to include a claim for attorney

fees. The court found there was an agreement to split fees between the parties, and we also conclude the court's finding on that issue is not clearly erroneous under N.D.R.Civ.P. 52(a).

## V

[¶ 15] Edward Tarnavsky argues the trial court erred in finding he was responsible for about eighty-five percent of the federal court judgment, and the court's award of contribution from him to Morris Tarnavsky is clearly erroneous.

[¶ 16] The trial court found eighty-five percent of the federal judgment was attributable to improper draws of $188,754.40 by Edward Tarnavsky from the Morris and T.R. Tarnavsky partnership after Morris Tarnavsky's 1992 notice of dissolution of the partnership. A party to a joint obligation or to a joint and several obligation who satisfies more than his share of the claim against all obligors may require its portion of contribution from all the parties joined with him. N.D.C.C. § 9–01–08. There is evidence Edward Tarnavsky made unauthorized withdrawals from the partnership account, which resulted in a depletion of partnership assets. The amount of the unauthorized withdrawals by Edward Tarnavsky was about eighty-five percent of the judgment awarded to T.R. Tarnavsky in the federal action, which Morris Tarnavsky satisfied. We conclude the trial court's award of contribution to Morris Tarnavsky is not clearly erroneous.

[¶ 17] Edward Tarnavsky also claims the trial court failed to give him credit for cattle sales that were used as a partial means for settling the judgment in favor of T.R. Tarnavsky. However, the trial court found Edward Tarnavsky was entitled to a $32,642 credit for payments to T.R. Tarnavsky in that amount, and we therefore reject Edward Tarnavsky's claim on this issue.

## VI

[¶ 18] We affirm the judgment.

[¶ 19] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING and CAROL RONNING KAPSNER, JJ., concur.