2006 ND 124

**Edward TARNAVSKY, Plaintiff and Appellant**

v.

**Morris TARNAVSKY and Vonne Tarnavsky, Defendants and Appellees.**

No. 20050457.

Supreme Court of North Dakota.

June 5, 2006.

Greg W. Hennessy (on brief), Hennessy Law Office, P.C., Williston, N.D., for plaintiff and appellant.

David A. Tschider (on brief), Tschider & Smith, Bismarck, N.D., for defendants and appellees.

KAPSNER, Justice.

[¶ 1] Edward Tarnavsky appealed from a district court order confirming a sheriff's sale of his property. We remand with instructions.

I

[¶ 2] Edward Tarnavsky and his brother, Morris Tarnavsky, have engaged in lengthy litigation over ownership and dissolution of their family farming and ranching operation. On September 26, 2002, the district court entered judgment awarding Morris over $308,000 from Edward. That judgment was affirmed on appeal. *See Tarnavsky v. Tarnavsky*, 2003 ND 110, 666 N.W.2d 444.

[¶ 3] Morris has made numerous attempts to collect on that judgment. Between the date of the judgment and June 2005, Morris had attempted to execute on the judgment five times. On June 13, 2005, a sixth notice of levy was served upon Edward seeking judicial sale of various real and personal property owned by Edward. Edward filed a claim of exemptions, and the district court allowed some of the claimed exemptions and rejected others.

[¶ 4] The sheriff's sale was held on September 7, 2005. Morris's bid of $75,000 for all of the real and personal property offered for sale was the high bid. Edward claims that the sheriff erroneously sold exempt items, including portions of his homestead property and his vehicle, in violation of the court's prior order allowing certain exemptions.

[¶ 5] On September 14, 2005, the district court issued its order confirming the sheriff's sale. Edward has appealed, arguing that the sheriff's sale was void. Ed-

ward contends the sheriff's sale was improperly held after the writ of execution had expired, that the sheriff failed to properly preserve Edward's homestead exemption, and that there were numerous mathematical errors, including the failure to credit the full amount of the $75,000 bid against the outstanding judgment against Edward.

## II

[¶ 6] On appeal, Morris does not dispute or challenge any of the factual or legal assertions, arguments, or issues raised by Edward. Rather, Morris has filed a one-page brief in which he expressly "acknowledge[s] the existence of errors in the sheriff's sale process and consent[s] to the remand of this matter with instruction that the order confirming sale be vacated." Morris's acknowledgment of errors in the sheriff's sale was unconditional, and he did not address nor attempt to preserve any of the issues or arguments raised by Edward. We therefore find it unnecessary to address, and we express no opinion on, the substantive issues raised by Edward on appeal.

[¶ 7] Morris's unqualified concession that errors occurred in the sheriff's sale and his acquiescence in vacation of the order confirming the sheriff's sale constitute an admission that Edward is entitled to the relief he seeks on appeal. Accordingly, we remand with instructions that the district court enter an order declaring the September 7, 2005, sheriff's sale void and vacating the September 14, 2005, order confirming the sheriff's sale.

[¶ 8] DALE V. SANDSTROM, Acting C.J., WILLIAM F. HODNY, S.J., MARY MUEHLEN MARING, and DANIEL J. CROTHERS, JJ., concur.

[¶ 9] The Honorable WILLIAM F. HODNY, S.J., sitting in place of VANDE WALLE, C.J., disqualified.