Filed 10/24/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 207

Edward J. Tarnavsky, Plaintiff and Appellant

v.

David A. Tschider,

Attorney at Law,

professionally and personally, Defendant and Appellee

No. 20110150

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Joshua B. Rustad, Judge.

AFFIRMED.

Per Curiam.

Edward J. Tarnavsky (on brief), self-represented, 12951 8th Street NW, Grassy Butte, ND 58634, plaintiff and appellant.

James S. Hill (on brief) and Kara J. Johnson (on brief), 316 North 5th Street, P.O. Box 1695, Bismarck, ND 58502-1695, for defendant and appellee.

Tarnavsky v. Tschider

No. 20110150

Per Curiam.

[¶1] Edward Tarnavsky appeals from a district court order denying his N.D.R.Civ.P. 60(b) motion for relief from a judgment dismissing his action against David Tschider—an attorney who represented Tarnavsky’s brother and sister-in-law in previous cases where Tarnavsky was the adverse party—for various claims of fraud, deceit, and misrepresentation.  Tarnavsky also submitted a motion for leave to amend his Rule 60(b) motion, which was denied by the court in the same order.  Tarnavsky argues the district court erred in denying his motions because:  there was an appearance of impropriety by the two district court judges involved in the proceedings sufficient to warrant relief; Tschider had a conflict of interest in representing Tarnavsky’s brother and sister-in-law in previous litigation; and the district court judges breached their duty to report Tschider’s alleged conflict of interest.  We summarily affirm under N.D.R.App.P. 35.1(a)(1) and (4).

[¶2] Tschider requests sanctions under N.D.R.App.P. 38 for a frivolous appeal.  “An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which evidences bad faith.”  
Holbach v. Holbach
, 2010 ND 116, ¶ 17, 784 N.W.2d 472 (quoting 
Healy v. Healy
, 397 N.W.2d 71, 76 (N.D. 1986)).  Tarnavsky’s claims on appeal are nothing more than collateral attacks on the district court’s previous judgments and orders and are “so factually and legally devoid of merit that he should have been aware of the impossibility of success on appeal.”  
Questa Res., Inc. v. Stott
, 2003 ND 51, ¶ 8, 658 N.W.2d 756.  We award Tschider double costs, and nominal attorney fees of $500, for defending the appeal.  
See
 
United Valley Bank v. Lamb
, 2003 ND 149, ¶ 5 n.1, 669 N.W.2d 117 (“[A] request for attorney’s fees should be accompanied by an affidavit documenting the work performed on appeal if more than a nominal amount is requested.”).

[¶3] Dale V. Sandstrom, Acting C.J.

Carol Ronning Kapsner

Mary Muehlen Maring

Donovan Foughty, D.J.

Everett Nels Olson, S.J.

[¶4] The Honorable Donovan Foughty, D.J., and the Honorable Everett Nels Olson,  S.J., sitting in place of VandeWalle, C.J., and Crothers, J., disqualified.