2014 ND 52

**The UNION BANK, Plaintiff**

v.

**Edward TARNAVSKY, Morris Tarnavsky, and Vonne Tarnavsky, Defendants.**

**Edward Tarnavsky, Appellant**

**Morris Tarnavsky, and Vonne Tarnavsky, Appellees.**

**Edward Tarnavsky, Plaintiff and Appellant**

v.

**Morris Tarnavsky and Vonne Tarnavsky, Defendants and Appellees.**

**Nos. 20130250, 20130387.**

Supreme Court of North Dakota.

March 14, 2014.

Rehearing Denied April 7, 2014.

Union Bank, plaintiff; no appearance.

Edward Tarnavsky, self-represented, Grassy Butte, N.D., plaintiff and appellant; on brief.

David A. Tschider, Bismarck, N.D., for defendants and appellees Morris Tarnavsky and Vonne Tarnavsky; on brief.

McEVERS, Justice.

[¶ 1] Edward Tarnavsky appealed from multiple orders denying his motions for relief under N.D.R.Civ.P. 60(d)(1) and from a judgment dismissing his cross-claim. We summarily affirm the orders and judgment under N.D.R.App.P. 35.1(a)(1).

[¶ 2]   These appeals represent yet another chapter in Edward Tarnavsky's lengthy pattern of frivolous, repetitious litigation.  *See Tarnavsky v. Tarnavsky,* 2012 ND 202, 821 N.W.2d 385; *Tarnavsky v. Tschider,* 2011 ND 207, 806 N.W.2d 438; *Tarnavsky v. Tarnavsky,* 2011 ND 198, 806 N.W.2d 438; *Tarnavsky v. Rankin,* 2010 ND 77, 789 N.W.2d 731; *Tarnavsky v. Tschider,* 2010 ND 70, 789 N.W.2d 731; *Tarnavsky v. Rankin,* 2009 ND 149, 771 N.W.2d 578; *Tarnavsky v. Tarnavsky,* 2008 ND 179, 756 N.W.2d 548; *Tarnavsky v. Tarnavsky,* 2007 ND 183, 742 N.W.2d 840; *Tarnavsky v. Tarnavsky,* 2006 ND 124, 717 N.W.2d 534; *Tarnavsky v. Tarnavsky,* 2003 ND 110, 666 N.W.2d 444. We therefore order Edward Tarnavsky to pay attorney fees in the amount of $1,000 and double costs for these two cases consolidated on appeal.  *See* N.D.R.App.P. 38. We further order that in any future case involving these same parties in which Edward Tarnavsky is the appellant no appellee's brief will be required unless ordered by the Court.

[¶ 3]   DALE V. SANDSTROM, Acting C.J., WILLIAM F. HODNY, S.J., and CAROL RONNING KAPSNER, J.

[¶ 4]   The Honorable WILLIAM F. HODNY, S.J., sitting in place of VANDE WALLE, C.J., disqualified.

CROTHERS, Justice, concurring in part and dissenting in part.

[¶ 5]   I agree with the majority opinion summarily affirming the district court and awarding the appellee double costs and attorney fees.  I respectfully dissent from that portion of the decision excusing timely responsive briefing in any future appeals filed by Edward Tarnavsky.

[¶ 6]   We all agree Edward Tarnavsky has engaged in a "lengthy pattern of frivolous, repetitious litigation."  Majority opinion at ¶ 2. For that he has been appropriately sanctioned.  But the majority does not stop there.  They sua sponte excuse appellee briefing in any future appeal unless and until ordered by the Court, presumably after the Court independently evaluates the heft of Edward Tarnavsky's briefing.  *See* Majority opinion at ¶ 2 ("We further order that in any future case involving these same parties in which Edward Tarnavsky is the appellant no appellee's brief will be required unless ordered by the Court.").

[¶ 7]   My problem with, and objection to, the Court's action is that the appellees did not ask for the unprecedented relief granted by the Court.  Nor does this Court have a rule or procedure in place to implement such relief.

[¶ 8]   Going forward, I welcome discussion about the merits of comprehensive pre-briefing appellate case screening. Many states have them.  *See, e.g.,* Del. Sup.Ct. R. 25 (allowing appellee's motion for summary disposition that tolls time to file appellee's brief); Kan. Sup.Ct. R. 2.04 and 2.041 (using docketing statements to assign case to summary or general calendar); Nev. R.App. P. 14 (requiring identification of issues in docketing statement to allow expedited case handling); N.H. Sup. Ct. R. 12–A (using pre-hearing evaluation to expedite resolution); N.M. R.App. P. 12–210 (using docketing statement for general, legal or summary calendaring); R.I. Sup.Ct. R. art.  I, R. 12 (using statement of the case and summary of the issues to place case on show cause calendar or schedule before full court or place in mediation program); Utah R.App. P. 10 (requiring docketing statement and permitting motion for summary disposition); Vt. R.App. P. 3 (using docketing statement for consideration whether to have a pre-hear-

ing conference, adjudication by three justice panel or full court consideration); Wyo. R.App. P. 8.01 (using expedited and regular docketing systems).

[¶ 9] However, absent a request and absent adoption of rules and procedures adopted, after thorough consideration, I object to this Court granting such sua sponte and ad hoc relief.

[¶ 10]   DANIEL J. CROTHERS