Filed 7/12/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 144

Robert Hale, individually and 

State of North Dakota, ex rel. 

Robert Hale and Susan Hale, Plaintiffs and Appellants

v.

Ward County, City of Minot, Defendants and Appellees

       and

Bea Shaw, Defendant

No. 20110171

Appeal from the District Court of Ward County, Northwest Judicial District, the Honorable David W. Nelson, Judge.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

Opinion of the Court by Crothers, Justice.

Lynn M. Boughey, P.O. Box 836, Bismarck, ND 58502-0836, for plaintiffs and appellants.

Bradley Neuman Wiederholt (argued) and Randall Joseph Bakke (on brief), 122 East Broadway Avenue, P.O. Box 460, Bismarck, ND 58502-0460, for defendants and appellees.

Hale v. Ward County

No. 20110171

Crothers, Justice.

[¶1] Robert and Susan Hale appeal a district court summary judgment dismissing their nuisance and governmental takings claims against Ward County and the City of Minot.  We affirm in part, reverse in part and remand for further proceedings.
(footnote: 1)

I

[¶2] Robert and Susan Hale have a house on what is otherwise agricultural land approximately one mile southeast of a shooting range used for training Minot area local, state and federal law enforcement officers (“law enforcement shooting range”).  A separate range operated by the Minot Rifle and Pistol Club is immediately north of the Hales’ property.  Several other farms and homes are located in the vicinity of the Hales’ property and the law enforcement shooting range, and Ward County Road 12 runs adjacent to the law enforcement shooting range. 

[¶3] On June 24, 2009, Robert Hale brought a civil action against Ward County and Minot, alleging the law enforcement shooting range was a private and a public nuisance and the shooting range devalued his property, resulting in a governmental taking.  Hale asserts the Ward County Commission zoning decision considered by this Court in 
Gowan v. Ward County Commission
, 2009 ND 72, 764 N.W.2d 425, conclusively proves his claim.  In 2007, David Gowan applied to have a plat of land located approximately one-quarter mile downrange from the law enforcement shooting range rezoned from agricultural to residential for development of a 12-lot subdivision.  The Ward County Planning Commission recommended denying Gowan’s request, in part due to safety concerns resulting from the proximity of the land to the law enforcement shooting range.  Gowan appealed to the Ward County Commission.  After considering the application at two meetings, the County Commission approved the Planning Commission’s recommendation and denied Gowan’s rezoning request.  The County Commission issued detailed findings supporting its decision, including several findings regarding the safety concerns resulting from the proximity of Gowan’s property to the law enforcement shooting range.  Gowan appealed to the district court, and the district court affirmed.  Gowan appealed to this Court, and we affirmed.  
Gowan
, 2009 ND 72, 764 N.W.2d 425.  Hale’s complaint in this case alleged the County Commission’s findings in 
Gowan
 about safety concerns associated with the shooting range applied “presently and equally to Robert Hale and others who live near the rifle range, as well as to persons driving along the county road that runs adjacent to and around the rifle range.”  Hale alleged he “live[d] to the southwest of the rifle range and [was] in a position of danger, and probably more danger than anyone on Mr. Gowan’s property.”

[¶4] On August 7, 2009, Hale moved for summary judgment on his nuisance claims.  Hale’s brief in support of the motion included an affidavit of Robert Hale, maps of the area at issue, the Ward County Commission transcripts and findings from the Gowan zoning decision, the district court order affirming the County Commission’s decision and this Court’s decision in 
Gowan
, 2009 ND 72, 764 N.W.2d 425.  Hale highlighted the importance of the location of his property by referencing testimony to the County Commission detailing the danger to land southwest of the shooting range and by explaining the importance of the location in his affidavit: 

“I live to the southwest of the firing range.  The firing range is less than one mile from my property and approximately one mile from my home.  My property is approximately 1650 to 1680 feet from the range. 

. . . . 

“My property . . . is directly in the line of fire because I live directly southwest of the firing range.  The testimony provided by law enforcement officers specifically stated that the real danger is to the southwest.”

[¶5] On August 11, 2009, Ward County and Minot filed an answer.  On September 4, 2009, Ward County and Minot filed a cross-motion for summary judgment.  Ward County and Minot argued summary judgment should be granted in their favor because the shooting range was a sport shooting range that could not be deemed a nuisance under N.D.C.C. § 42-01-01.1.  Alternatively, Ward County and Minot argued several genuine issues of material fact existed, including the location of Hale’s residence, the range of the weapons used at the shooting range, whether Hale’s neighbors believed the range presented a danger, whether Hale used County Road 12 and whether Hale came to the nuisance.  Ward County and Minot asserted Hale’s property was located southeast of the shooting range and Hale’s home was 1.6 miles or approximately 8,448 feet from the shooting location.

[¶6] On November 6, 2009, Hale filed a reply to the cross-motion for summary judgment.  Hale asserted N.D.C.C. § 42-01-01.1 did not prevent the law enforcement shooting range from being deemed a nuisance.  Hale also stated he lived southeast of the shooting range, explaining the assertion he lived southwest of the shooting range was the result of his attorney’s mistaken belief that Hale lived southwest of the range and Hale’s failure to notice the error when he reviewed the complaint.  Hale filed a second affidavit in which he asserted his property was “in as much danger or more than Mr. Gowan,” explaining:

“In regards to chemical munitions, North Dakota generally has a northwesterly wind, which means I am normally directly downwind from the range.  And unlike the Gowan property, a sniper bullet could more easily reach my property.  Mr. Gowan has a large hill between his property and the range; if a bullet goes wayward; it would hit the hill or fly (most probably) well beyond his property.  I, on the other hand, would be more subject to a rifle bullet reaching my land.”

The same day Hale filed his reply, he moved to amend his complaint to allege he lived “southeast” of the law enforcement shooting range.  Hale also moved to amend the complaint to add Susan Hale as a plaintiff.  Hale stated Susan Hale had an ownership interest in the Hale property and asserted the duration of her family’s ownership was relevant to the issue of coming to the nuisance.

[¶7] On December 4, 2009, the district court held a hearing on the motions for summary judgment.  On December 8, 2009, the district court issued an order finding genuine issues of material fact existed and denying the summary judgment motions.  On December 10, 2009, the district court granted Hale’s motion to amend his complaint, and the Hales filed an amended complaint.

[¶8] On December 2, 2010, the Hales moved for a temporary restraining order closing the law enforcement shooting range and for “declaratory judgment.”  In support of the motions, the Hales submitted an additional affidavit in which Robert Hale elaborated on the danger to their property:

“Law enforcement personnel testified at the Ward County Commission to the Commission and confirmed that testimony through their lawyer at the appeal to the district court and to the North Dakota Supreme Court (
Gowan vs. Ward County
) that the range is unsafe and creates a hazard to people who may be on the Gowan property which is adjacent across County Road 12 to the gun range.  I live to the southeast of the firing range.  The firing range is less than one mile from my property and approximately one mile from my home.  My property is approximately 1650 to 1680 feet from the range.  Gowan’s property, however, is at a slight angle away from the general line of fire, that is to the right.  
My property, however, is in the line of fire because I live southeast of the firing range at the opposite angle of the line of fire to the Gowan property.  If Gowan’s property is in danger (0 to 90 degrees to the right of the firing line) then so is my property (which is well within 90 degrees to the left).
  The testimony provided by law enforcement officers specifically stated that the real danger is to the south, and a portion of my land is in the direction to the south.”

Ward County and Minot resisted both motions.  On December 17, 2010, the district court held a hearing on the Hales’ motions and denied them on January 25, 2011.

[¶9] On December 15, 2010, Ward County and Minot moved for summary judgment on the private nuisance, public nuisance and takings claims.  Ward County and Minot argued the Hales had not raised genuine issues of material fact whether the law enforcement shooting range was a private or public nuisance and had failed to support their takings claim with law or evidence.  On February 11, 2011, the Hales responded, arguing genuine issues of material fact precluded summary judgment.  In addition to the evidence provided to support the previous motions, the Hales included excerpts of the deposition testimony of eleven witnesses; minutes from meetings at the law enforcement shooting range; documents evidencing the ownership history of the Hales’ land; additional maps illustrating the location of the shooting range relative to the Hales’ property; and photographs of the range, County Road 12, bullet holes in metal signs outside of the shooting range and bullet holes in wooden signs inside the range.  On February 28, 2011, the Hales filed a cross-motion for summary judgment “on the limited issue that as a matter of law [the] city’s rifle range creates a nuisance to County Road 12 and as such the nuisance must be abated by shutting the range down.” 

[¶10] On March 30, 2011, the district court held a hearing on the summary judgment motions.  On June 7, 2011, the district court signed an order granting Ward County and Minot’s motion for summary judgment and denying the Hales’ cross-motion for summary judgment.  On June 8, 2011, the Hales filed a notice of appeal of “the Order dated June 7, 2011.”  On June 9, 2011, the district court filed the order granting summary judgment.  On July 8, 2011, the district court issued a judgment granting Ward County and Minot’s motion for summary judgment and dismissing the Hales’ amended complaint. 

II

[¶11] The Hales attempted to appeal the June 7, 2011 order granting Ward County and Minot’s motion for summary judgment.  “An order granting summary judgment is not appealable.”  
Farmers Union Oil Co. of Garrison v. Smetana
, 2009 ND 74, ¶ 7, 764 N.W.2d 665.  “An attempted appeal from the order granting summary judgment will, however, be treated as an appeal from a subsequently entered consistent judgment, if one exists.”  
Id.
  After the Hales filed their notice of appeal, the district court entered a judgment dismissing the Hales’ amended complaint.  Therefore, we treat the appeal as an appeal from the judgment.

III

[¶12] The Hales argue the district court erred by granting Ward County and Minot’s motion for summary judgment.  “Summary judgment is a procedural device for promptly resolving a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if resolving factual disputes will not alter the result.”  
Tarnavsky v. Rankin
, 2009 ND 149, ¶ 7, 771 N.W.2d 578; 
see
 N.D.R.Civ.P. 56.  “A party seeking summary judgment bears the initial burden of showing there is no genuine dispute regarding the existence of a material fact.”  
Tarnavsky
, at ¶ 7.  “When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading[.]”  N.D.R.Civ.P. 56(e)(2).  “Rather, the party resisting the motion must set forth specific facts by presenting competent, admissible evidence, whether by affidavit or by directing the court to relevant evidence in the record, demonstrating a genuine issue of material fact.”  
Tarnavsky
, at ¶ 8 (citing N.D.R.Civ.P. 56(e)).

[¶13] “Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.”  
Farmers Union
, 2009 ND 74, ¶ 8, 764 N.W.2d 665 (quotation omitted).  On appeal, we decide “whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law.”  
Id.
 (quotation omitted).  We view the evidence in the light most favorable to the opposing party and give the opposing party the benefit of all favorable inferences which can be reasonably drawn from the record.  
Id.

A

[¶14] The Hales argue the district court erroneously analyzed common law nuisance factors to determine if they raised a genuine issue of material fact whether the law enforcement shooting range was a private nuisance.  Ward County and Minot respond the district court correctly determined the common law nuisance factors favored Ward County and Minot.  Ward County and Minot further respond that even if the district court erred by analyzing the common law factors, the summary judgment should be affirmed because the Hales failed to present competent, admissible evidence that the law enforcement shooting range was a private nuisance. 

[¶15] Recognizing that the North Dakota Century Code includes provisions governing nuisance actions, we have stated that “the common-law nuisance concept does not apply” in this state.  
Rassier v. Houim
, 488 N.W.2d 635, 636 (N.D. 1992); 
Jerry Harmon Motors, Inc. v. Farmers Union Grain Terminal Ass’n
, 337 N.W.2d 427, 432 (N.D. 1983); 
see
 N.D.C.C. § 1-02-01 (common law does not apply where legislature has enacted a law on a specific topic).  We have also stated that where the common law and a statute do not conflict, the common law remains relevant.  
Rassier
, at 636.

[¶16] A nuisance is defined by N.D.C.C. § 42-01-01, which provides:

“A nuisance consists in unlawfully doing an act or omitting to perform a duty, which act or omission: 

“1. Annoys, injures, or endangers the comfort, repose, health, or safety of others; 

“2. Offends decency; 

“3. Unlawfully interferes with, obstructs or tends to obstruct, or renders dangerous for passage, any lake, navigable river, bay, stream, canal, basin, public park, square, street, or highway; or 

“4. In any way renders other persons insecure in life or in the use of property.” 

A private nuisance must meet the definition of nuisance provided in N.D.C.C. § 42-

01-01.  
Jerry Harmon Motors
, 337 N.W.2d at 432.

[¶17] We have held that certain common law principles may be considered to determine whether an individual “omitt[ed] to perform a duty” under N.D.C.C. § 42-

01-01.  
Rassier
, 488 N.W.2d at 637-38.  “The duty which gives rise to a nuisance claim is the absolute duty not to act in a way which unreasonably interferes with other persons’ use and enjoyment of their property.”  
Id.
 at 637.  “It is in assessing this duty, which is explicit in the provisions of section 42-01-01, NDCC, . . . that the common law of nuisance remains relevant.”  
Rassier
, at 637.  In 
Rassier
, we discussed the applicability of four common law factors:

“In 
Jerry Harmon Motors
, [337 N.W.2d at 432], we recognized the applicability of the coming-to-the-nuisance doctrine to a nuisance claim under section 42-01-01, NDCC.  We also indicated that the principle is one of the factors considered in determining whether a nuisance exists, 
i.e.
, whether the defendant created a condition which unreasonably interfered with plaintiff’s use of property.  We noted that anyone who comes to a nuisance ‘has a heavy burden to establish liability.’  
Id.

“Other factors relevant to the reasonableness of a defendant’s interference with the plaintiff’s use of property include a balancing of the utility of defendant’s conduct against the harm to the plaintiff, plaintiff’s attempts to accommodate defendant’s use before bringing the nuisance action, and plaintiff’s lack of diligence in seeking relief.  [5 Richard R. Powell & Patrick J. Rohan,] 
Powell on Real Property
 [] ¶¶ 704[2]-704[3] [(1991)], 
see also
 Restatement (Second) of Torts §§ 822, 826-30 (1977).”

Rassier
, at 638.

[¶18] In the order granting summary judgment, the district court analyzed the four common law factors discussed in 
Rassier
.  The district court found that coming-to-

the-nuisance, balancing the utility of the law enforcement shooting range against the harm to the Hales and the Hales’ attempts to accommodate the shooting range before bringing the nuisance action favored Ward County and Minot and that the Hales’ lack of diligence in seeking relief did not favor either party.  Following the analysis of the common law factors, the district court found:

“Three of the four factors discussed above favor the County and the City.  The Court finds the coming-to-the-nuisance factor to be the most significant of the factors. 

“The Hales argue there are facts in dispute.  The Court finds, however, that the material facts pertinent to the private nuisance claim are not in dispute. . . .

“The Court finds that summary judgment in favor of the County and City is appropriate on the private nuisance claim.”

[¶19] “Generally, summary judgment is inappropriate for resolving issues involving reasonableness standards.”  
Doan v. City of Bismarck
, 2001 ND 152, ¶ 26, 632 N.W.2d 815.  The district court’s role on summary judgment “is limited to determining whether the evidence and inferences to be drawn therefrom, when viewed in the light most favorable to the party opposing summary judgment, demonstrate that there are no genuine issues of material fact.”  
Farmers Union
, 2009 ND 74, ¶ 10, 764 N.W.2d 665 (quotation omitted).  “The district court may not weigh the evidence, determine credibility, or attempt to discern the truth of the matter when ruling on a motion for summary judgment.”  
Id.

[¶20] By analyzing factors relevant to whether Ward County and Minot unreasonably interfered with the Hales’ use of their property and determining which factor was most important before finding no genuine issues of material fact existed, the district court improperly weighed the evidence when deciding the summary judgment motion.  However, a conclusion the district court erred by applying the common law factors does not end our analysis.  Under our de novo standard of review, we consider whether the Hales presented competent, admissible evidence that the law enforcement shooting range is a nuisance.  
See
 
Mandan Educ. Ass’n v. Mandan Pub. Sch. Dist. No. 1
, 2000 ND 92, ¶ 8, 610 N.W.2d 64 (“[W]e will not set aside a correct result merely because the trial court assigned an incorrect reason, if the result is the same under the correct law and reasoning.”). 

B

[¶21] The Hales argue they raised a genuine issue of material fact whether the law enforcement shooting range is a nuisance under N.D.C.C. § 42-01-01.  They support the argument with a 36-page “Statement of the Facts” composed of nearly 50 paragraphs of bullet points referencing the alleged danger the law enforcement shooting range poses to the Hales’ property, to Gowan’s property, to the Hales’ neighbors’ property and to County Road 12.  Each bullet point is followed by a citation to various portions of the Hales’ 586-page appendix, including transcripts from the Ward County Commission meetings on the Gowan zoning decision, the Ward County Commission’s findings relating to the Gowan zoning decision, the deposition testimony of eleven individuals, the minutes from seven law enforcement shooting range meetings, Robert Hale’s affidavits and deposition testimony, documents evidencing the ownership of the Hales’ property, photographs of the law enforcement shooting range, photographs of the surrounding area and several maps.

[¶22] The Hales do not distinguish between the facts supporting their private nuisance claim and the facts supporting their public nuisance claim.  However, because the evidence relevant to each claim differs, the private and public nuisance claims must be addressed separately.

1

[¶23] “A private nuisance is one which affects a single individual or a determinate number of persons in the enjoyment of some private right not common to the public.”  N.D.C.C. § 42-01-02.  An individual bringing a private nuisance action must have a property interest in the land affected.  
Anderson v. State, Dept. of Natural Res.
, 693 N.W.2d 181, 192 (Minn. 2005).  Therefore, the Hales’ claim that the law enforcement shooting range is a private nuisance is limited to their private property, and the Hales’ information relating to Gowan’s property, the Hales’ neighbors’ property and County Road 12 is relevant only to the extent it shows the shooting range is a nuisance to the Hales’ private property.

[¶24] The Hales argue the law enforcement shooting range poses a danger to their property because their property is located within the range’s “cone of fire” and is within range of pistol fire, sniper fire and chemical weapons.  After examining all the Hales’ information, we conclude only Robert Hale’s testimony supports the Hales’ assertion that their property is within range of weapons used at the law enforcement shooting range.  Robert Hale does not claim any expertise on “cones of fire,” the range of firearms or chemical weapons.  Rather, he explains his belief the shooting range poses a danger to his property is based on his understanding of the testimony of others, his reading of the Gowan findings, his interpretation of maps and topography of the area and his knowledge about the direction of prevailing winds.

[¶25] To avoid summary judgment, a resisting party must bring forth competent, admissible evidence sufficient to raise a genuine issue of material fact.  
Tarnavsky
, 2009 ND 149, ¶ 8, 771 N.W.2d 578.  Robert Hale admits he has no expertise about the weapons used at the shooting range, and his speculation about “cones of fire” and the danger created by chemical weapons due to the direction of prevailing winds is not competent evidence that the law enforcement shooting range is a private nuisance.  Because the Hales failed to present competent evidence supporting their claim that the law enforcement shooting range poses a danger to their property, the district court did not err by granting summary judgment on the Hales’ private nuisance claim.

2

[¶26] A public nuisance is one which at the same time affects an entire community or neighborhood or any considerable number of persons, although the extent of the annoyance or damage inflicted upon the individuals may be unequal.”  N.D.C.C. § 42-01-06.  The N.D.C.C. § 42-01-01 definition of nuisance applies to public nuisance claims.  
Kappenman v. Klipfel
, 2009 ND 89, ¶ 36, 765 N.W.2d 716.  “A private person may maintain an action for a public nuisance if it is specially injurious to that person or that person’s property, but not otherwise.”  N.D.C.C. § 42-01-08.  Ward County and Minot do not argue the Hales failed to meet the “specially injurious” requirement, and neither the parties nor the district court addressed the propriety of the Hales bringing an action to abate the law enforcement shooting range under N.D.C.C. ch. 42-02.  This issue will have to be addressed on remand, and we express no position whether the Hales’ use of the county road qualifies them to maintain their public nuisance claim.  To the extent the Hales are claiming a public nuisance for injury to their neighbors’ property, the Hales’ failure to establish injury sufficient to sustain their private nuisance action necessarily means the Hales cannot show the required special injury establishing they represent “an entire community or neighborhood or any considerable number of persons” who are harmed by the alleged public nuisance.  
See
 N.D.C.C. §§ 42-01-06 and 42-01-08.  Therefore, as to the county road claim, we consider whether the Hales raised a genuine issue of material fact whether the shooting range is a public nuisance under N.D.C.C. § 42-01-06.

[¶27] The Hales claim the law enforcement shooting range is a public nuisance because County Road 12 is within range of weapons fired at the shooting range.  To support the assertion that bullets exit the shooting range, the Hales offer maps illustrating the proximity of the road to the shooting range, photographs of the portions of County Road 12 running adjacent to the shooting range and photographs of bullet holes in signs near the shooting range and the road.  The Hales also rely on the deposition testimony of Robert Hale and others relating to perceived dangers presented by the shooting range, minutes from meetings about how the shooting range could be made safer and the findings from the Gowan zoning decision. 

[¶28] When determining whether a genuine issue of material fact exists, we view the evidence in the light most favorable to the opposing party and give that party the benefit of all reasonable inferences.  
Farmers Union
, 2009 ND 74, ¶ 8, 764 N.W.2d 665.  Ward County and Minot assert the Hales’ evidence is insufficient to raise a genuine issue of material fact whether bullets fired at the law enforcement shooting range cross County Road 12 because the photographs and maps do not account for the natural terrain that protects County Road 12 and because “[t]he only reasonable inference from [the Hales’] bullet hole evidence is that third parties shoot road signs next to the range from time to time as they do in every other rural area of the State.”  We disagree.  When viewed in the light most favorable to the Hales, the maps, photographs and additional evidence raise a genuine issue whether the terrain surrounding the shooting range prevents bullets from exiting the shooting range.  Further, while third parties shooting at signs is one possible explanation for the existence of the bullet holes, other reasonable explanations exist.  Given the proximity of the signs to the law enforcement shooting range, one inference is that the signs were damaged by bullets fired at the shooting range.  Because the Hales raised a genuine issue of material fact whether bullets fired at the law enforcement shooting range exit the range, cross County Road 12 and pose an unlawful danger, the district court erred by dismissing the Hales’ public nuisance claim.

C

[¶29] The Hales argue “devaluation of [the Hales’] property is an issue of fact that should not have been summarily rejected.”  The Hales do not explain what evidence they are relying on or how that evidence supports the assertion their property has been devalued so as to constitute a taking.  The Hales cite no authority supporting the assertion that the alleged devaluation of their property due to the law enforcement shooting range amounts to a governmental taking, nor do they explain how their claim fits under our holding in 
Wild Rice River Estates, Inc. v. City of Fargo
, 2005 ND 193, 705 N.W.2d 850, and the cases cited therein.  A party opposing summary judgment must “explain the connection between the factual assertions and the legal theories in the case, and cannot leave to the court the chore of divining what facts are relevant or why facts are relevant, let alone material, to the claim for relief.”  
Earnest v. Garcia,
 1999 ND 196, ¶ 10, 601 N.W.2d 260 (quotation omitted).  Without the Hales’ development of their claim, we decline to take an unguided sojourn into what has been described by one court as “[t]he morass of takings law [] replete with contradictions, complex rules, incompatible decisions, and divergent interpretations.”  
Manor v. Reisma
, No. C.A. PC89-2447, 2003 WL 1224248, at *15 (R.I. Super. Feb. 24, 2003).

IV

[¶30] Due to our disposition, the remaining arguments made by the Hales are unnecessary to our determination or without merit.  We affirm in part, reverse in part and remand for further proceedings.

[¶31] Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.

FOOTNOTES
1:    
 The Hales named Bea Shaw as a defendant in their complaint.  The district court determined Shaw was never served with a summons.  Shaw was not part of the action below, and she is not a party to this appeal.