# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 99

State of North Dakota,                                        Plaintiff and Appellee

v.

Marlon Leon Comes,                                        Defendant and Appellant

No. 20180312

Appeal from the District Court of Ramsey County, Northeast Judicial District, the Honorable Donovan J. Foughty, Judge.

VACATED AND REMANDED.

Opinion of the Court by McEvers, Justice.

Kari M. Agotness, State's Attorney, Devils Lake, ND, for plaintiff and appellee; submitted on brief.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant; submitted on brief.

**McEvers, Justice.**

[¶1]    Marlon Comes appeals from a district court's second amended criminal judgment entered over twenty years after the original criminal judgment.  We vacate the second amended judgment and remand, concluding the district court abused its discretion by sua sponte amending the criminal judgment without providing the parties notice of its intent to amend the judgment.


I

[¶2]    In 1996, the State charged Comes with murder, a class AA felony, and robbery, a class A felony.  Comes pleaded guilty to both charges and the district court sentenced him on the murder charge to life imprisonment at the North Dakota Department of Corrections and Rehabilitation ("DOCR") with the possibility of parole, and a concurrent 10 years for robbery, with 307 days credit for time served.  Comes has filed several previous post-conviction relief petitions that have all been denied.  *See Comes v. State*, 2018 ND 54, ¶¶ 3, 5, 907 N.W.2d 393.

[¶3]    In August 2018, the district court issued a memorandum of law and order for second amended judgment.  No post-conviction relief petition was filed prompting the court's action.  While there is nothing in the record to reflect why the court acted, based on the court's memorandum, the court was apparently responding to a request from DOCR for an amended judgment "that contains a calculation of [Comes'] life expectancy, in order for DOC[R] to determine when he becomes eligible for parole."  The court noted DOCR's request referenced the 1997 version of N.D.C.C. § 12.1-32-09.1, a sentencing statute, which explains a mortality table should be used to calculate the "sentence imposed."  The court relied on a table specific to American Indian mortality rates to calculate Comes' life expectancy of 52 years rather than following the mortality table promulgated by N.D. Sup. Ct. Admin. R. 51.  The court's second

amended judgment indicates Comes must serve 44 years and 73 days, taking into account the credit for 307 days previously served.

## II

[¶4]   "The district court's decision to amend a judgment is subject to sound judgment and will not be reversed on appeal unless there is an abuse of discretion." *State v. Peterson*, 2016 ND 192, ¶ 8, 886 N.W.2d 71 (citing *State v. Rueb*, 249 N.W.2d 506, 511-12 (N.D. 1976)).  "A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law." *Peterson,* at ¶ 8 (citation omitted).  "The standard of review for constitutional issues is de novo." *Id*. (citation omitted).

## III

[¶5]   Under U.S. Const. art. I, § 10 and N.D. Const. art. I, § 18, Comes argues the district court violated the prohibition on ex post facto punishment by relying on N.D.C.C. § 12.1-32-09.1, including its 1997 amendments, in calculating Comes' sentence in the 2018 second amended criminal judgment.  Comes raises this argument for the first time on appeal.  We have repeatedly held that issues not raised before the district court, including constitutional issues, will not be considered for the first time on appeal.  *State v. Gray*, 2017 ND 108, ¶ 13, 893 N.W.2d 484.  Here, however, Comes was deprived of the opportunity to present his argument before the district court because the court failed to provide notice to either Comes or the State prior to entering the second amended judgment.

[¶6]   The district court did not explain its authority to amend the criminal judgment, and there was no motion pending before the court. Rule 35, N.D.R.Crim.P., addresses modifying sentences as follows:

> (a) Correction of Sentence.
> > (1) *Illegal Sentence*.  The sentencing court shall correct an illegal sentence at any time and may correct a

2

sentence imposed in an illegal manner within the time provided for reduction of sentence in Rule 35(b)(1).

(2) *Clear Error.* After giving any notice it considers appropriate, the sentencing court may correct a sentence that resulted from arithmetical, technical, or other clear error.

(b) Reduction of Sentence.

(1) *Time for Reduction.* The sentencing court may reduce a sentence:

(A) within 120 days after the court imposes sentence or revokes probation; or

(B) within 120 days after the court receives the mandate issued upon affirmance of the judgment or dismissal of the appeal; or

(C) within 120 days after the Supreme Court of the United States enters any order or judgment denying review of, or having the effect of upholding a judgment of conviction or probation revocation.

(2) *Motion for Reduction.* On a party's motion or on its own, and with notice to the parties, the court may grant a sentence reduction. Changing a sentence from a sentence of incarceration to a grant of probation is a permissible sentence reduction. If the sentencing court grants a sentence reduction, it must state its reasons for the reduction in writing.

[¶7] In *State v. Rueb*, 249 N.W.2d 506, 510 (N.D. 1976), we considered the State's argument that it was entitled to notice of a defendant's motion for reduction of sentence. We emphasized the value that notice to both parties provides to the judicial process:

In addition to the specific requirements of the Rules, we are convinced that it is for the protection and to the benefit of the sentencing judge to receive information and argument from the State's Attorney whether or not a sentence should be reduced. This is [a] safety measure that the judge should insist upon even if the Rules did not require this. We construe the provisions of Rules 35, 47, and 49, NDRCrimP, to mean that whenever a motion is made by an attorney for a defendant to reduce a sentence, such motion must be served upon the State's Attorney, and where the application is made by the defendant pro se the court should give notice of such application to the State's

3

Attorney. By giving such notice, the court will have the benefit of the two sides and will also eliminate any unwarranted criticism of the judicial process. It has been stated that it is not sufficient that justice be done but that justice must also appear to be done. This would give recognition to this philosophic concept. *Where the court decides to reduce the sentence sua sponte prior notice is also required as stated above and for the same reasons.*

*Id.* at 511 (emphasis added).

[¶8] Following *Rueb*, amendments made to N.D.R.Crim.P. 35(a)(2) in 2006 provided that the sentencing court may correct a sentence that resulted from arithmetical, technical, or other clear error "after giving *any* notice it considers appropriate." (Emphasis added.) Assuming, without deciding, the district court acted under N.D.R.Crim.P. 35(a)(2), it was required to give an appropriate amount of advance notice to both Comes and the State prior to issuing the second amended judgment. Nothing in the record indicates either party received *any* notice that the court intended to amend the judgment. Because we conclude the court abused its discretion in *sua sponte* amending the judgment without providing notice, the arguments Comes makes regarding the propriety of the court's application of N.D.C.C. § 12.1-32-09.1, including its 1997 amendments, to his second amended judgment may be considered on remand once notice has been provided to both parties.

IV

[¶9] We vacate the second amended judgment and remand for further proceedings consistent with this opinion.

[¶10]  Lisa Fair McEvers
Jon J. Jensen
Jerod E. Tufte
Daniel J. Crothers
Gerald W. VandeWalle, C.J.

4