# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 60

State of North Dakota,                                    Plaintiff and Appellee

v.

Andrew Glasser,                                    Defendant and Appellant

## No. 20200220

State of North Dakota,                                    Plaintiff and Appellee

v.

Andrew James Glasser,                                    Defendant and Appellant

## No. 20200221

Appeals from the District Court of Burleigh County, South Central Judicial District, the Honorable David E. Reich, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Tufte, Justice.

Julie A. Lawyer, State's Attorney, Bismarck, N.D., for plaintiff and appellee.

Benjamin C. Pulkrabek, Mandan, N.D., for defendant and appellant.

**Tufte, Justice.**

[¶1]   Andrew Glasser appeals from a district court's corrected, amended criminal judgment modifying his sentence for conviction of gross sexual imposition and from an amended criminal judgment for conviction of possession of certain materials prohibited. On appeal, Glasser contends the court lost jurisdiction upon announcement of his original sentence and thus had no authority to amend his judgments. We reverse and remand for entry of judgments reinstating Glasser's original sentences.

I

[¶2]   Glasser was charged with and pled guilty to one count of gross sexual imposition (GSI) and ten counts of possession of child sexual abuse materials. The district court ordered a presentence investigation. Before the February 24, 2020 sentencing hearing, Glasser filed 26 letters from a variety of people in support of his request for leniency. On the GSI count, the district court sentenced Glasser to ten years in prison with all but four years suspended for five years of supervised probation. On each of the other ten counts, the court sentenced Glasser to five years in prison, all suspended for three years' supervised probation. All sentences ran concurrently. When determining this sentence, the court indicated it considered a number of factors, including the character reference letters.

[¶3]   After the hearing, the State was contacted by the purported author of one of the letters Glasser had filed who stated he had neither written the letter nor allowed anyone to sign it on his behalf. The State investigated further and discovered two additional letters that had not been written or signed by the purported authors. The State moved to correct the judgment under N.D.R.Crim.P. 35, arguing the sentence was illegal or had been imposed in an illegal manner. Glasser's attorney withdrew from representation, and Glasser did not file a response in the extended time allowed by the district court. On April 2, 2020, the court granted the State's request for a new sentencing hearing.

[¶4]   Glasser was charged with and pled guilty to forging three letters and filing the letters with the court. On July 31, 2020, the court re-sentenced Glasser on the GSI count to twenty years with all but ten years suspended for five years of supervised probation and on the prohibited materials counts to five years all suspended for three years of supervised probation to run consecutively. On each of the three forgery charges, the court sentenced Glasser to 360 days to run consecutively to the other sentences. The court stated its authority to hold a resentencing hearing was authorized by Rule 35(a)(1), N.D.R.Crim.P. The court relied on *State v. Foster*, 484 N.W.2d 113 (N.D. 1992), for the proposition that the sentence was subject to modification because it was obtained through fraud.

II

[¶5]   "The district court's decision to amend a judgment is subject to sound judgment and will not be reversed on appeal unless there is an abuse of discretion." *State v. Comes*, 2019 ND 99, ¶ 4, 926 N.W.2d 117. The district court abuses its discretion "if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law." *Id.*

[¶6]   It is a well-established rule that subject matter jurisdiction cannot be waived, and the question of whether a court has jurisdiction can be raised at any time while the case is pending. *State v. Berg*, 2015 ND 61, ¶ 5, 860 N.W.2d 829; N.D.R.Crim.P. 12(b)(2). Generally, a district court "loses jurisdiction to alter, amend, or modify [a] judgment" once it is final. *State v. Vollrath*, 2018 ND 269, ¶ 4, 920 N.W.2d 746 (quoting *State v. Meier*, 440 N.W.2d 700, 702 (N.D. 1989)). "Prior to the adoption of Rule 35, [N.D.R.Crim.P.,] the courts had no power to change the sentence." *State v. Bryan*, 316 N.W.2d 335, 336 (N.D. 1982). Once a case has been tried "and sentence . . . pronounced, the court los[es] its jurisdiction." *Id.* (citing *State v. Gronlie*, 213 N.W.2d 874 (N.D. 1973); *John v. State*, 160 N.W.2d 37 (N.D. 1968)). For purposes of the district court's jurisdiction to modify it, Glasser's sentence became final when it was pronounced on February 24. The court granted the State's motion to correct sentence on April 2 and resentenced Glasser on July 31.

2

[¶7] "[A]ny attempt by the trial court to amend or modify a final judgment is void unless it is made upon grounds provided by statute or by the Rules of Criminal Procedure for correcting or amending a judgment." *Meier*, 440 N.W.2d at 702. The district court concluded it had authority under N.D.R.Crim.P. 35(a)(1) and *Foster*, 484 N.W.2d 113. "The sentencing court shall correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within [120 days]." N.D.R.Crim.P. 35(a)(1). A sentence is illegal under Rule 35(a) if it is not authorized by the judgment of conviction. *State v. Hutchinson*, 2017 ND 160, ¶ 9, 897 N.W.2d 321.

> Examples of illegal sentences include: a sentence in excess of a statutory provision or in some other way contrary to an applicable statute, a sentence which fails to conform to the oral pronouncement of the sentence, or a sentence which is ambiguous with respect to the time and manner in which it is to be served. In addition, a sentence is illegal if it does not comply with a promise of a plea bargain or when the sentencing court lacks jurisdiction to impose it.

*Id.* (citations omitted). A sentence is imposed in an illegal manner if the sentencing court does not observe rules or statutes providing procedural safeguards. *State v. Wishnatsky*, 491 N.W.2d 733, 734 (N.D. 1992).

[¶8] In its brief in support of the motion to correct sentence, the State argued the sentence was imposed in an illegal manner because the court considered intentionally false information provided by the defendant. At the second sentencing hearing, the district court stated that in granting the State's motion to correct Glasser's sentence, it considered Rule 35(a)(1), N.D.R.Crim.P., and had concluded "[a] sentence obtained by fraud [was] illegal." Our review of the record reveals that Glasser's sentence was authorized by the judgment of conviction, was not in excess of the statutory limits, conformed to the court's oral pronouncement, and was not ambiguous. Although Glasser misled the court during sentencing by presenting forged character reference letters, that did not make his sentence illegal, nor did it deviate from procedural rules or statutes. We conclude the district court misinterpreted Rule 35 and ultimately misapplied the law.

[¶9] The district court also relied on language in *Foster* for the proposition that it had inherent authority to correct Glasser's sentence. William Foster was arrested for aggravated assault and terrorizing. *Foster*, 484 N.W.2d at 114. Foster was charged, pled guilty, and was sentenced under the name Robert John Langton. *Id.* Eventually, personnel at the State Penitentiary learned of his true identity, and Foster was resentenced under his true identity. *Id.* This Court concluded that Foster's original sentence was illegal under Rule 35, N.D.R.Crim.P. Foster was personally present before the court when he was sentenced. Foster, the individual in the courtroom, was properly sentenced, but as a result of the false name provided, the judgment reflected the name Robert John Langton rather than William Foster. Because the court sentenced Foster, the individual physically present, and not the person whose identity Foster was using, the sentence did not conform to the court's oral pronouncement and was illegal under N.D.R.Crim.P. 35(a). *See id.*

[¶10] This Court went on in dicta to state that, separate and apart from Rule 35, "a court of law has the inherent authority to correct judgments obtained through fraud." *Id.* at 117. *Foster* was decided under Rule 35, and this brief discussion of inherent authority was not necessary to the decision. *Id. Foster*'s reference to inherent authority relied on nonbinding federal precedent for that proposition. *Id.* (citing *United States v. Bishop*, 774 F.2d 771 (7th Cir. 1985)). Since our decision in *Foster*, Fed.R.Crim.P. 35 has been amended, and other federal courts have rejected any inherent authority to modify a sentence that would expand authority under statutes or Rule 35. *See Carlisle v. United States*, 517 U.S. 416, 426 (1996); *United States v. Washington*, 549 F.3d 905, 917 (3rd Cir. 2008); *United States v. Hall*, 644 F. App'x 274, 276 (4th Cir. 2016) ("[T]here is no 'inherent authority' for a district court to modify a sentence . . . .").

[¶11] We conclude that the *Foster* dictum was an incorrect statement of law, and a district court does not have inherent authority to modify a criminal judgment obtained through fraud. "[A]ny attempt by the trial court to amend or modify a final judgment is void unless it is made upon grounds provided by statute or by the Rules of Criminal Procedure for correcting or amending a judgment." *Vollrath*, 2018 ND 269, ¶ 4, (quoting *Meier*, 440 N.W.2d at 702).

4

The court's authority to modify a judgment is limited to those rules and statutes in effect at the time of sentencing that qualify, condition, or delay finality under defined circumstances, such as Rule 35 or any statute authorizing later modification of a final sentence. *Bryan*, 316 N.W.2d at 336 ("Prior to the adoption of Rule 35, the courts had no power to change the sentence."); *John*, 160 N.W.2d at 42 ("[W]here sentence is pronounced . . . the trial court loses jurisdiction . . . [but] if imposition of sentence is deferred under Section 12-53-13, N.D.C.C., there has, in effect, been no sentence passed, and the trial court retains jurisdiction of the defendant for the purpose of passing sentence at some future date, should it become necessary."). Glasser's sentence was not an illegal sentence under N.D.R.Crim.P. 35(a), and we find no authority in statute or rule that would permit the court to modify a final sentence in these circumstances.

## III

[¶12] We conclude the district court did not have jurisdiction to amend the criminal judgments to modify Glasser's sentences. We reverse and remand for entry of judgments reinstating Glasser's original sentences.

[¶13] Jon J. Jensen, C.J.
 Gerald W. VandeWalle
 Daniel J. Crothers
 Lisa Fair McEvers
 Jerod E. Tufte