# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 1

State of North Dakota,                                    Plaintiff and Appellee

v.

Nicholas Cole Caspers,                                    Defendant and Appellant

## No. 20240124

Appeal from the District Court of McIntosh County, Southeast Judicial District, the Honorable Daniel D. Narum, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Joseph M. Hanson, State's Attorney, Linton, ND, for plaintiff and appellee.

Philip Becher, Bismarck, ND, for defendant and appellant.

**State v. Caspers**
**No. 20240124**

**Jensen, Chief Justice.**

[¶1] Nicholas Caspers appeals from a district court order denying in part his motion for a reduced sentence. Caspers argues the sentence was illegal because the sentence was a third revocation of probation, there was no period of incarceration suspended for the court to execute, and the court remedy imposed was illegal. We conclude Caspers was subject to an impermissible intermediate sanction that required him to seek immediate review. We affirm.

I

[¶2] In November 2010, Caspers pled guilty to murder, a class A felony. Caspers was sentenced to fifteen years' incarceration with seven years suspended and five years of probation. In August 2017, Caspers was released from custody and placed on probation.

[¶3] The State filed four petitions for revocation of Caspers's probation. In February 2020, the district court denied the first petition for revocation and amended the terms of Caspers's probation to include mandatory participation in a 24/7 sobriety program for a 365-day period. In September 2020, the court denied the second petition for revocation and amended the criminal judgment to include sixty days of incarceration with credit for one day served. The court approved a subsequent stipulation for an amended judgment which provided that Caspers's probation was revoked and designated the location where Caspers was to be incarcerated. In November 2020, Caspers filed a motion seeking a sentence reduction under Rule 35, N.D.R.Crim.P., regarding the September 2020 amended judgment and requested that he be transferred to South Dakota. The motion was denied.

[¶4] In November 2022, the district court granted the State's third petition for revocation of Caspers's probation, revoked his probation, and resentenced him to thirty months of probation. In October 2023, the court granted the State's fourth petition for revocation of Caspers's probation, revoked his probation, and

resentenced him to serve the seven suspended years of incarceration with sixty-eight days credit.

[¶5] In February 2024, Caspers moved for correction of his sentence under Rule 35(a)(1), N.D.R.Crim.P. Caspers argued that the September 2020 judgment sentencing him to sixty days of incarceration was an illegal sentence because the sentence was prohibited by statute from exceeding thirty days, the November 2022 judgment revoking his probation and resentencing him to thirty months of probation was illegal because it was a third probationary term, and the October 2023 judgment sentencing him to the seven suspended years was an illegal sentence. The district court granted, in part, Caspers's Rule 35 motion and awarded him credit for thirty days and denied all remaining requests for relief. Caspers appeals from that decision.

II

[¶6] On appeal, Caspers argues the October 2023 judgment should be vacated because it followed an impermissible third revocation of his probation. He contends the September 2020 and November 2022 judgments revoked his probation; that pursuant to N.D.C.C. § 12.1-32-06.1, the imposition of a third term of probation after the second revocation was impermissible; he was therefore not subject to probation when the third revocation proceedings were initiated; and the subsequent sentence based upon a third violation of probation is illegal.

[¶7] "The district court's decision to amend a judgment is subject to sound judgment and will not be reversed on appeal unless there is an abuse of discretion." *State v. Glasser*, 2021 ND 60, ¶ 5, 956 N.W.2d 373 (quoting *State v. Comes*, 2019 ND 99, ¶ 4, 926 N.W.2d 117). "The district court abuses its discretion 'if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law.'" *Id*. (quoting *Comes*, at ¶ 4).

[¶8] A "sentencing court shall correct an illegal sentence at any time[.]" N.D.R.Crim.P. 35(a)(1). "A sentence is illegal if 'it is not authorized by the judgment of conviction.'" *State v. Nelson*, 2024 ND 55, ¶ 3, 5 N.W.3d 554 (quoting

2

*State v. Williamson*, 2024 ND 7, ¶ 4, 1 N.W.3d 610). "An illegal sentence occurs when it is 'in excess of a statutory provision or in some other way contrary to an applicable statute.'" *Id*. (quoting *Glasser*, 2021 ND 60, ¶ 7).

[¶9] Caspers contends the pre-amended versions of N.D.C.C. § 12.1-32-07 and N.D.C.C. § 12.1-32-06.1 control his revocation and resentencing. The State did not brief or otherwise challenge Caspers's contention regarding the controlling versions of the statutes. Because the version of the statute does not change the result of our opinion, we assume without deciding the pre-amended versions of the statutes controlled the revocation proceedings.

[¶10] Section 12.1-32-06.1(5) (2011), N.D.C.C., provided that "[i]n felony cases, in consequence of a violation of probation conditions, the court may impose an additional period of probation not to exceed five years." When a court finds a defendant has violated probation conditions, N.D.C.C. § 12.1-32-07(6) (2011) allowed a court to "modify or enlarge the conditions of probation at any time prior to the expiration or termination of the period for which the probation remains conditional." If a defendant violates a probation condition before the end of a probationary term, "the court may continue the defendant on the existing probation . . . *or* may revoke the probation and impose any other sentence[.]" N.D.C.C. § 12.1-32-07(6) (2011) (emphasis added).

[¶11] This Court has previously addressed the application of the two statutes at issue in the context of the permissible number of times a defendant can be placed on probation following a conviction. *State v. Perales*, 2012 ND 158, 820 N.W.2d 119. In *Perales*, we determined a sentence was illegal under N.D.C.C. § 12.1-32-06.1 by imposing a third period of probation. *Id*. at ¶¶ 5, 21.

[¶12] The district court is not limited to the binary choice of denying a petition for revocation or granting the petition and resentencing a defendant. The court may deny the petition and impose an intermediate measure. N.D.C.C. § 12.1-32-07(3) (2011). In September 2020, when the first petition for revocation was pending, the court could impose, as an intermediate sanction, a term of incarceration not to exceed thirty days.

3

[¶13] The lynchpin to resolving this appeal is determining whether the September 2020 proceedings resulted in a revocation of Caspers's probation or represented the denial of the petition for revocation and the imposition of an intermediate sanction. The September 2020 order provided, in part, the following:

> Upon consideration of the totality of the circumstances and the evidence before the Court, the Court finds that the Defendant's violations of terms of his probation do not warrant a revocation.
>     . . . .
> In all other ways, the Criminal Judgment, the Appendix A along with the amendments thereto ordered by Court in its Order on Petition for Revocation dated February 28, 2020, Doc. Index #217, and the duration of the Defendant's supervised probation shall remain unchanged.

The order also imposed a sixty-day term of incarceration, exceeding the thirty-day limit for an intermediate sanction, and ordered Caspers to report within thirty days to serve the term of incarceration. Although the parties subsequently stipulated to the entry of an amended judgment referencing "revocation," the stipulation's stated purpose was limited to requesting "the entry of an amended judgment correcting the location of the detention agency in this matter." The parties did not request findings, and the district court's subsequent order did not make any findings, contrary to the prior order expressly stating that the "Defendant's violations of terms of his probation do not warrant a revocation[.]" Caspers argues the imposition of a period of incarceration requires the September 2020 order be treated as a revocation of probation.

[¶14] The district court's resolution of the inconsistency follows the express language of the order which denied the petition for revocation and provided that the "violations of terms of his probation do not warrant a revocation." With the exception of imposing the sixty days of incarceration, the terms and conditions remained the same.

[¶15] We review the district court's decision de novo. *State v. Eide*, 2012 ND 129, ¶¶ 7-8, 818 N.W.2d 711. After our review of the record, we conclude the court did not err. In September 2020, the court expressly denied the State's petition for

4

revocation of Caspers's probation and imposed an intermediate sanction of incarceration that exceeded the permissible thirty-day limit. Caspers's failure to appeal the intermediate sanction did not convert the denial of the petition for revocation into a revocation of his probation.

## III

[¶16] Caspers was not subject to an impermissible third revocation of probation in October 2023. We affirm the order of the district court.

[¶17] Jon J. Jensen, C.J.
　　　Daniel J. Crothers
　　　Lisa Fair McEvers
　　　Jerod E. Tufte
　　　Douglas A. Bahr