IN THE SUPREME COURT
STATE OF NORTH DAKOTA

2025 ND 138

State of North Dakota,                                    Plaintiff and Appellee

v.

Brian J. Erickstad,                                    Defendant and Appellant

No. 20240300

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable David E. Reich, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Crothers, Justice.

Julie Lawyer, State's Attorney, Bismarck, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]   Brian Erickstad appeals from a district court's order denying his motion for correction of sentence. We reverse and remand.

I

[¶2]   In September 1998 Erickstad was convicted of two counts of class AA felony murder, one count of class AA felony conspiracy to commit murder, one count of class B felony theft, and two counts of class C felony theft. He was sentenced to life in prison with the possibility of parole on the murder charges and 10 years consecutively for the theft charges. In 2017, the clerk of the district court notified Erickstad by letter that a statutory change may impact his sentence. The letter advised Erickstad that "Life sentences which include the possibility of parole must now include a calculation of 85% of life expectancy." The letter was apparently referring to N.D.C.C. § 12.1-32-09.1(2), providing:

> In the case of an offender who is sentenced to a term of life imprisonment with opportunity for parole under subsection 1 of section 12.1-32-01, the term "sentence imposed" means the remaining life expectancy of the offender on the date of sentencing. The remaining life expectancy of the offender must be calculated on the date of sentencing, computed by reference to a recognized mortality table as established by rule by the supreme court.

*Id*. This provision was adopted in 1997, prior to Erickstad's conviction or commission of the crimes. *See* N.D. Sess. Laws 1997, ch. 135, § 1.

[¶3]   No changes were made to Erickstad's judgment until 2022 when the North Dakota Department of Corrections and Rehabilitation filed a memorandum with the district court requesting an amended judgment be entered containing Erickstad's life expectancy. The court entered an amended judgment in May 2022, which Erickstad alleges changed his eligibility for parole beginning when he is 79 years old rather than "in [his] 50's" as was mentioned by the original

sentencing judge. The DOCR did not provide Erickstad with its memorandum filed with the court, and he was not provided with notice of the amended judgment.

[¶4] On May 29, 2024, Erickstad filed a motion to correct what he claimed was an illegal sentence. He argues the district court erred by denying his motion because it imposed an illegal sentence in 2022 by entering an amended judgment without providing him notice or an opportunity to be heard, the enabling administrative rule, N.D. Sup. Ct. Admin. R. 51, was not enacted at the time of sentencing, and amendment of his sentence violates the ex post facto prohibition. Erickstad requests that this Court reverse and remand the amended judgment for the district court to correct the sentence.

## II

[¶5] Erickstad claims the district court erred by failing to provide him with notice and an opportunity to be heard before entering the second amended judgment.

[¶6] A district court may correct an illegal sentence at any time, and may correct a sentence imposed in an illegal manner within the time allowed for a N.D.R.Crim.P. 35(b)(1) motion. Rule 35, N.D.R.Crim.P. provides:

> (a) Correction of Sentence.
>
> (1) *Illegal Sentence.* The sentencing court shall correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided for reduction of sentence in Rule 35(b)(1).
>
> (2) *Clear Error.* After giving any notice it considers appropriate, the sentencing court may correct a sentence that resulted from arithmetical, technical, or other clear error.
>
> (b) Reduction of Sentence.
>
> (1) *Time for Reduction.* The sentencing court may reduce a sentence:

2

(A) within 120 days after the court imposes sentence or revokes probation; or

(B) within 120 days after the court receives the mandate issued upon affirmance of the judgment or dismissal of the appeal; or

(C) within 120 days after the Supreme Court of the United States enters any order or judgment denying review of, or having the effect of upholding a judgment of conviction or probation revocation.

[¶7]  A district court shall correct an illegal sentence at any time with notice. N.D.R.Crim.P. 35(a)(2); *see State v. Comes*, 2019 ND 99, ¶ 8, 926 N.W.2d 117 (stating "amendments made to N.D.R.Crim.P. 35(a)(2) in 2006 provided that the sentencing court may correct a sentence that resulted from arithmetical, technical, or other clear error 'after giving *any* notice it considers appropriate' (emphasis added)" and explaining "[a]ssuming, without deciding, the district court acted under N.D.R.Crim.P. 35(a)(2), it was required to give an appropriate amount of advance notice to both [parties] prior to issuing the second amended judgment").

[¶8]  This Court emphasized the value of notice to the State and the defendant before modifying a judgment to conform to law, stating:

> "By giving such notice, the court will have the benefit of the two sides and will also eliminate any unwarranted criticism of the judicial process. It has been stated that it is not sufficient that justice be done but that justice must also appear to be done. This would give recognition to this philosophic concept. *Where the court decides to reduce the sentence sua sponte prior notice is also required as stated above and for the same reasons.*"

*Comes*, ¶ 7 (quoting  *State v. Rueb*, 249 N.W.2d 506, 510 (N.D. 1976) (emphasis in original)).

[¶9]  The State conceded it has no evidence showing Erickstad was notified of the second amended judgment proceedings. The State later claimed, "While the notice didn't come directly from the district court, notice of the request for an

3

amended judgment did go to Erickstad's attorney of record in the case prior to the district court's entry of an amended judgment." Nothing in the district court's order explains what the court relied on when proceeding to amend the judgment.

[¶10] A district court may amend a sentence under N.D.R.Crim.P. 35(a)(2) "that resulted from arithmetical, technical, or other clear error after giving any notice it considers appropriate." *Comes*, 2019 ND 99, ¶ 8 (cleaned up). In this case, if the court relied on N.D.R.Crim.P. 35(a)(2), the court was required to give notice to the State and Erickstad. *Id*. (stating, "Assuming, without deciding, the district court acted under N.D.R.Crim.P. 35(a)(2), it was required to give an appropriate amount of advance notice to both *Comes* and the State prior to issuing the second amended judgment."). Similar to *Comes*, the court here did not provide notice to Erickstad of the amendment prior to issuing the second amended judgment. While the district court had jurisdiction to amend the judgment under N.D.R.Crim.P. 35(a)(2), it failed to provide notice and therefore abused its discretion.

[¶11] The district court misapplied the law and abused its discretion by failing to give Erickstad notice before issuing the second amended judgment. Because the failure to provide notice is dispositive, it is unnecessary for us to review the other issues raised by Erickstad.

III

[¶12] We reverse the district court's order denying Erickstad's motion for a corrected sentence and remand for proceedings consistent with this decision.

[¶13] Jon J. Jensen, C.J.
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte
     Douglas A. Bahr

4